**B. B. WOODSON, Trustee, Appellant,**

v.

**George GILMER, Appellee.**

**In the Matter of: Sterling R. Decker, Bankrupt.**

**No. 13337.**

United States Court of Appeals Fourth Circuit.

Argued Dec. 5, 1969.

Decided Jan. 30, 1970.

Robert M. Musselman and Richard F. Papcun, Charlottesville, Va., for appellant.

Carl E. Hennrich, Charlottesville, Va., for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

The trustee in bankruptcy of Sterling R. Decker individually and of Decker and his wife as partners, here again attacks the validity of a deed of trust given by the bankrupts on March 27, 1961 upon an undeveloped tract of 110.-68 acres in Albemarle County, Virginia to secure the payment of a bearer bond of $260,000. This obligation was pledged at the Peoples National Bank, Charlottesville, Virginia, as collateral for Decker's promissory notes held by the bank and also to protect the endorsement of George Gilmer upon them. Also attacked are two supplemental deeds of trust dated, respectively, June 7, 1961 and August 4, 1961, executed by the bankrupts as additional security for the $260,000 bond, but conveying land not then under the March 27, 1961 deed of trust.

The Federal District Court for the Western District of Virginia rejected the trustee's contentions on all three instruments, and we affirm.

In Gilmer v. Woodson, 332 F.2d 541 (4 Cir.1964) this court overruled a sortie upon the March 27, 1961 deed of trust grounded on the assertion that it was a fraudulent transfer under either section 67(d) (2) (a) or (d) (2) (d) of the Bankruptcy Act, 11 U.S.C. § 107(d) (2) (a) and (d) (2) (d).[1] The present strictures upon this trust invoke, among others, these same statutes. Res judicata does not bar the case against the initial deed of trust of $260,000, the trustee interjects, because Gilmer v. Woodson's words of remand, 332 F.2d at 548, allow a retrial of these issues. Since this argument was not controverted or resolved in the District Court, it will not be further mentioned.

The factual history of this litigation was fully recorded in the previous ap-

1. Section 67(d) (2) of the Bankruptcy Act, 11 U.S.C. § 107(d) (2), provides as follows:

"Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this title by or against him is fraudulent (a) as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent; * * * or (d) as to then existing and future creditors, if made or incurred with actual intent as distinguished from intent presumed in law, to hinder, delay, or defraud either existing or future creditors."

pellate report of the case, and the past as well as the subsequent events were carefully laid out by Judge Dalton in his statement of findings of fact and conclusions of law now in review. He comprehends the earlier as well as the new issues made in this case. We have no reason to question his findings and we accept his legal conclusions. Further dissertation upon the basis and outcome of this case would be a useless repetition. We affirm on the District Judge's statement. In re Decker, et al., 295 F.Supp. 501 (W.D.Va.1969).

Affirmed.