# Richmond

## John Adams Cooper, Sr. v. Betty S. Spencer

November 23, 1977.

Record No. 761525.

Present: Carrico, Harrison, Cochran, Harman, Poff, and Compton, JJ.

*David A. Melesco (Melesco and McLaughlin,* on brief), for appellant.

*Ralph B. Rhodes (Hutcherson & Rhodes,* on brief), for appellee.

Per Curiam.

In a chancery proceeding in the court below, Betty S. Spencer sought from John Adams Cooper, Sr., a statement and settlement of the accounts of a business partnership Mrs. Spencer alleged the parties had "engaged in" while they lived together as husband and wife. Acting upon the report of a commissioner in chancery, the court ruled that a partnership had existed between the parties and that Mrs. Spencer was entitled to judgment against Cooper in the sum of $3,481.80, representing her share of the partnership assets. On appeal, the sole question is whether the trial court erred in finding the existence of a partnership.

Both parties had been married previously. In 1947, believing mistakenly that their respective divorces had become final, they went through a marriage ceremony. The union continued until 1970, when the parties separated. Upon seeking advice of counsel, they learned they had not been married legally. The ostensible Mrs. Cooper then married another, and she is now Mrs. Spencer.

Pertinent parts of the record show that, in 1960, the parties purchased and moved to a farm in Franklin County, to which they took title as tenants by the entireties. In 1962, they commenced a commercial egg business and farming operation, which they called "Jo-Bets Farm," derived from the first name of each. The business prospered and, in 1965, Cooper left his regular job to devote more time to the farming venture. Assisted by their three children, the parties worked together in the business. Periodically, each worked part-time in employment away from the farm.

The parties maintained a joint checking account in which they deposited the income from the farming operation and from their outside employment. From the account, they paid not only the expenses of the business but also the family's living expenses.

They filed joint income tax returns reflecting their income from all sources, but they filed no partnership returns.

Following the separation of the parties in 1970, Cooper continued to operate the business until the farm was sold in 1972. Proceeds from the sale of the farm were divided between the parties. The present litigation resulted from their disagreement over division of their other assets.

Testifying before the commissioner in chancery, Mrs. Spencer claimed that the "Jo-Bets" business was "operated as a partnership." She stated that the contracts the business executed with its customers were "marked" to show "it was a partnership" and that each partner "would sign [a contract] and put 'partner'" after his or her name. She identified several customer contracts; all, however, were signed by Cooper only, and none identified the business as a partnership. When this lack of partnership identification was called to her attention and she was asked whether she could produce "any documents showing that [the business] was a partnership," Mrs. Spencer replied: "I don't have to. When man and his wife live together that is enough for me to say there was a partnership."

Called as a witness by Mrs. Spencer, Cooper maintained that the business was not a partnership but merely "a family operation." Cooper testified that the parties shared everything, "work" and "profits," but the sharing was "jointly," as "man and wife." Although he stated that the parties "split everything equally," he explained that no division ever was made "of the money," and "both worked and both lived off the proceeds . . . like any family would do."

In *Cooper v. Knox*, 197 Va. 602, 607, 90 S.E.2d 844, 847 (1956), which involved another dispute over whether a partnership existed between husband and wife, we said:

> "Partnership relations are formed by a contract expressed or implied between two or more parties for joining together their money, goods, labor, or skill in a venture or business, upon an agreement to divide the gains or losses between them."

In the present case, because no express agreement was claimed by Mrs. Spencer, she had the burden of producing evidence from which the trial court could find the existence of an

implied partnership agreement between the parties. We do not believe Mrs. Spencer carried this burden.

■ The Uniform Partnership Act, in effect in Virginia, sets forth several indicia of the existence of a partnership. Code § 50-7(4) provides that the "receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business . . . ." But the evidence in this case does not show that Mrs. Spencer ever received a share of the profits of the "Jo-Bets" business. She did not testify that profits were divided, and she did not contradict Cooper's positive testimony that no division ever occurred; neither did she dispute Cooper's statement that the parties merely "lived off the proceeds . . . like any family would do." So Mrs. Spencer is not entitled to the benefit of a prima facie case under Code § 50-7.

Other indicia of the existence of a partnership, enumerated by the Uniform Act, are the joint ownership of property and the "sharing of gross returns." But, even when present, such indicia do "not of [themselves] establish a partnership." Code § 50-7(2) and (3). While Mrs. Spencer jointly owned with Cooper the "Jo-Bets" farm property, and while she may have shared the gross returns of the business, beyond these facts, all Mrs. Spencer offered to prove the existence of a partnership was her self-serving, conclusory statement that the business was "operated as a partnership."

The evidence was not sufficient to support a finding of an implied partnership agreement between the parties; it showed no more than what Cooper termed "a family operation." Accordingly, the decree of the trial court will be reversed, and a final decree will be entered here in favor of Cooper.

*Reversed and final decree.*