FIELD, Senior Circuit Judge:
 

 This is an appeal from an order of the district court affirming the judgment of the bankruptcy judge in favor of the Trustee in Bankruptcy against the appellants, Norman and Arnold Slone.
 
 [1]
 
 The Slones were the sole stockholders of Prestige Spring Corporation which was formed in 1964 primarily for the manufacture and sale of innerspring mattresses and allied products. On May 31, 1977, Prestige filed a Petition in Bankruptcy for relief under Chapter 11 of the Bankruptcy Act, and when the arrangement under Chapter 11 failed, Prestige was placed in liquidation under Chapter 3 of the Act. After suit was instituted by certain secured creditors, the Trustee filed a third-party complaint against Arnold and Norman Slone. Originally the third-party action involved loans for which the secured creditors sought recovery. The final pretrial order, however, reflects that the Trustee charged that certain transfers from the corporation to the Slones were voidable preferences.
 

 During the course of the trial the Trustee introduced into evidence certain checks from Prestige made payable to the Slones. Among the checks introduced were four checks totalling $2,176.02 drawn to Arnold Slone who testified that they represented advances for expenses, payment of back salary, and funds used to make salary advances to employees. The remainder of the checks, totalling $81,084.33, were variously made out to Norman Slone and his daughter, Sherry. Norman Slone testified that on several occasions from January through May of 1977 he made advances from his personal funds to Prestige in an attempt to alleviate the cash-flow problems it often
 
 *842
 
 encountered. When the advances were made by Norman Slone, Prestige would issue back to him checks totalling the amount advanced. Thereafter, as funds became available to Prestige, Slone would deposit the checks to his account. Slone further testified that the funds from which he made the advances were monies he had saved for his children’s education. Accordingly, the last checks were.issued in his daughter’s name and placed in an account over which she and her father had joint control. At the conclusion of the evidence the bankruptcy judge found that the transfers made to defendants were fraudulent in violation of Section 67(d)(2)(d) of the Bankruptcy Act.
 
 [2]
 
 Consequently, judgment was entered against Arnold Slone for $2,176.02 and against Norman Slone for $81,084.33.
 

 On appeal to the district court, defendants argued that it was improper for the bankruptcy judge to base the judgment upon a violation of Section 67(d)(2)(d) when such a theory was not pled in the complaint. In addition, defendants contended that the evidence did not support the finding that they were guilty of actual intent to defraud either existing or future creditors as required by Section 67(d)(2)(d). The district court, however, affirmed the judgment of the bankruptcy judge. Although we agree for the most part with appellants that it was error for the bankruptcy judge to enter judgment based upon a violation of Section 67(d)(2)(d), we find that the Trustee proved that certain transfers to Norman and Sherry Slone were voidable preferences under Section 60 of the Bankruptcy Act.
 

 As noted, the third-party complaint contained no allegations that defendants made fraudulent transfers in violation of Section 67(d)(2)(d). In addition, the final pretrial order indicates only that the Trustee intended to prove that the transfers were voidable preferences. In fact, the Trustee admitted in oral argument to this court that evidence concerning the transfers was introduced only on a preference theory. Essentially, therefore, during the course of the trial the defendants were totally unaware that the case would be decided on the basis of Section 67(d)(2)(d). Although the Federal Rules of Civil Procedure require only that defendants be given notice of the cause of action brought against them, the Slones were given no notice whatsoever.
 
 [3]
 
 Under the circumstances we believe the defendants were denied a fair opportunity to prepare a proper defense. Furthermore, since the defendants understandably assumed that the evidence concerning the transfers was being introduced on a preference theory, the defendants had no reason to object to its introduction. Thus, it cannot be said that defendants impliedly consented to a trial on the basis of Section 67(d)(2)(d).
 

 Even if the case were properly tried under Section 67(d)(2)(d), we discern no substantial evidentiary support for the finding that Norman Slone was guilty of “actual intent” to defraud the creditors of Prestige. Although the findings of the bankruptcy judge are entitled to great weight, a review of the record indicates that Norman Slone simply was trying to keep the business running. It is uncontroverted that the checks issued to Norman and Sherry Slone were repayment to Norman Slone for the several advances made by him from his personal funds to Prestige to alleviate recurrent cash-flow problems. If anything, Slone was helping the creditors by attempting to keep the corporation afloat rather than defrauding them. Under Section 67(d)(2)(d) it is insufficient to show only that a transfer had the effect of defrauding certain creditors or that the transfer was
 
 *843
 
 made in preference to other creditors; “actual intent” to defraud must be shown.
 
 In re Decker,
 
 295 F.Supp. 501 (W.D.Va.1969),
 
 affirmed,
 
 420 F.2d 378 (4 Cir. 1970),
 
 cert. denied,
 
 399 U.S. 928, 90 S.Ct. 2244, 26 L.Ed.2d 795;
 
 In re Cushman Bakery,
 
 526 F.2d 23 (1 Cir. 1975),
 
 cert. denied,
 
 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 178 (1976);
 
 Mayo v. Pioneer Bank & Trust Co.,
 
 270 F.2d 823 (5 Cir. 1959),
 
 cert. denied,
 
 362 U.S. 962, 80 S.Ct. 878, 4 L.Ed.2d 877 (1960). We fail to find that the transfers to Norman and Sherry Slone were made with the actual intent to defraud contemplated by Section 67(d)(2)(d).
 

 We reach the same conclusion in regard to the cheeks issued to Arnold Slone as advances for expenses and for funds used to make salary advances to employees. There is no indication in the record that Arnold Slone had an actual intent to defraud the creditors with respect to those transfers. On the contrary, however, there is sufficient evidence to support the bankruptcy judge’s finding that a $1,500.00 check issued to Arnold Slone for back salary was fraudulent in violation of Section 67(d)(2)(d) since there was no adequate explanation why the cheek was issued from the drawing account rather than the payroll account. Under the circumstances we cannot say the bankruptcy judge’s finding as to this transfer was clearly erroneous. Accordingly, since we hold that the defendants were not given adequate notice that the case would be decided under Section 67(d)(2)(d), Arnold Slone must be given an opportunity to present further evidence concerning the $1,500.00 check if the Trustee wishes to pursue it under such a theory.
 

 Although the majority of the transfers made to the Slones were not fraudulent, we do find that the transfers made to Norman and Sherry Slone were voidable preferences under Section 60 of the Bankruptcy Act, 11 U.S.C. § 96(a)(1), which provides:
 

 A preference is a transfer * * * of any of the property of a debtor to or for the benefit of a creditor for or pn account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.
 

 11 U.S.C. § 96(b) further provides:
 

 Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent.
 

 Unquestionably the checks issued to Norman and Sherry Slone fall within the ambit of these statutory sections. The checks were issued in repayment of the loans made to the corporation,
 
 [4]
 
 the transfers occurred within four months of bankruptcy, and the district court found that defendants knew of the corporation’s insolvency at the time the transfers were made. Thus, the transfers to Norman and Sherry Slone were voidable preferences under Section 60.
 

 We do not believe, however, that the amount to be avoided should be calculated by merely adding up all of the checks issued in repayment of the advances made by Norman Slone as was done by the bankruptcy judge. The record indicates that Norman Slone personally had only $15,000.00 from which he could make advances to the corporation. Thus, unless Prestige repaid the loans as they were made, subsequent loans would have been impossible once the initial source of the funds was depleted. In essence, over the period of time in question Norman Slone advanced and received repayment of the same $15,000.00 available to
 
 *844
 
 him, and it was error for the bankruptcy judge to base the amount of the judgment on the aggregate of the repayments. Accordingly, the judgment against Norman Slone should be amended to reflect a liability of only $15,000.00.
 

 Finally, in our opinion the checks issued to Arnold Slone were not voidable preferences under Section 60. The record indicates that the transfer of $1,500.00 for back salary occurred more than four months prior to the date of bankruptcy. Additionally, the checks issued for advances for expenses and for funds used to make salary advances to employees were not drawn for or on account of an antecedent debt. Accordingly, the judgment against Arnold Slone is reversed and the case is remanded for further proceedings in accordance with this opinion.
 
 [5]
 

 REVERSED and REMANDED.
 

 [1]
 

 . This suit was instituted prior to the passage of the Revised Bankruptcy Act, Pub.L. 95-598, and, accordingly, is governed by the bankruptcy laws as they were at the time the action began. Pub.L. 95-598, Title IV, § 403(a), Nov. 6, 1978, 92 Stat. 2683.
 

 [2]
 

 . 11 U.S.C. § 107(d)(2)(d) provides:
 

 Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this title by or against him is fraudulent * * * as to then existing and future creditors, if made or incurred with actual intent as distinguished from intent presumed in law, to hinder, delay, or defraud either existing or future creditors.
 

 [3]
 

 . In cases dealing with fraud notice is even more important and, consequently, Rule 9 of the Federal Rules of Civil Procedure requires that all averments of fraud be stated with particularity.
 

 [4]
 

 . Although some of the checks issued to Norman Slone were dated on the days he made some of the loans to Prestige, none of the checks were deposited into his account until several days later since, as Norman Slone testified, Prestige did not have the funds to cover the checks when they were written. Thus, at the time the actual transfers were made, they were in payment of an antecedent debt.
 

 [5]
 

 . As noted earlier, if the Trustee wishes to proceed against the $1,500.00 check on the basis of a violation of Section 67(d)(2)(d), Arnold Slone must be given an opportunity to offer evidence in defense on that issue,