**In re BELLE ISLE FARM, a Virginia partnership, Debtor.**

**BELLE ISLE COMPANY, INC., Plaintiff,**

**v.**

**BELLE ISLE FARM, Defendant.**

**Bankruptcy No. 87–00624–R.**
**Adv. No. 87–0156–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 23, 1987.

Benjamin C. Ackerly, Hunton & Williams, Richmond, Va., for plaintiff.

Paul D. Scanlon, Fairfax, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court on the motion for relief from stay filed April 13, 1987 by Belle Isle Company, Inc. At the conclusion of a preliminary hearing conducted on May 12, 1987, the Court set the matter for a final hearing on June 8, 1978 and directed counsel to submit briefs on the issues raised by the pleadings and the evidence adduced at the preliminary hearing. At the final hearing the Court heard oral argument. Based upon the pleadings, the evidence before the Court and the argument of counsel, the Court renders the following determinations.

### Background

The debtor in this proceeding, Belle Isle Farm, a Virginia partnership ("partnership" or "debtor") filed a petition for relief under Chapter 12 of the Bankruptcy Code on March 27, 1987. The plaintiff herein, Belle Isle Company, Inc. ("Company") is a creditor of the debtor, in that the Company holds two notes, each secured by a first lien deed of trust on a parcel of real estate consisting of 450 acres of farm and wetlands in Lancaster County, Virginia ("Property") and constituting a portion of the land being farmed by the Chapter 12 debtor.

Although the debtor claims this parcel of land to be partnership property, the records of the Clerk's Office of the Circuit Court of Lancaster County show that the Property is in fact titled in the individual names of Edward G. Gruis and his wife, Rosemary N. Gruis, as tenants by the entirety with right of survivorship as at common law as to one-half undivided interest, and in the name of Henry G. Gillette, as to one-half undivided interest.

The notes which the Company holds on the Property are currently in default and the Company has moved for relief from the automatic stay to foreclose upon it. In its motion, the Company asserts as its grounds for relief that the debtor is not, in fact, a partnership under Virginia law, and that, even if it were determined to be a partnership, the Property is not partnership property subject to the provisions of the automatic stay of 11 U.S.C. § 362(a).

### Findings of Fact

In 1980, Mr. and Mrs. Gruis and Mr. Gillette purchased the Property, as well as

another tract of land in Lancaster County, as tenants in common—the Gruises receiving a one-half interest and Mr. Gillette a one-half interest in each tract. Contemporaneously with this transaction, Mr. and Mrs. Gruis purchased a third 74.5 acre parcel of land themselves. All three parcels together make up what is known traditionally as Belle Isle Farm. Currently, 180 acres of the 450 acres making up the Property is devoted to farming operations of the debtor.

The evidence adduced at the preliminary hearing revealed that Mrs. Gruis and Mr. Gillette made all of the operational decisions concerning the farm. Mr. Gillette performed the actual planting and harvesting of crops whereas Mrs. Gruis took an active part in the farm's management. Mr. Gruis, on the other hand, played an admittedly passive role in the conduct of farming activities. As an attorney with little background in farming, Mr. Gruis served essentially as a record keeper, dealing with matters at the administrative end of the spectrum.

Pursuant to the parties' understanding and practice, proceeds generated from the sale of farm crops were split evenly between Mr. Gillette and Mrs. Gruis, with each depositing his or her share into his or her own checking account. Mrs. Gruis testified that checks for her share of the receipts were normally made out to her, rather than to both her husband and herself. There was no account solely in the partnership name, although Mr. Gillette testified that his checks bore the printed inscription "Belle Isle Farm" above his name.

All three of the asserted general partners testified that they believed Belle Isle Farm was operated as a partnership; however, it was conceded that no partnership tax forms were ever filed with the Internal Revenue Service and that real estate taxes on the property were billed to Mr. and Mrs. Gruis and Mr. Gillette on the subject property. Likewise no partnership certificate was filed by the debtor pursuant to § 50–

74 of the Virginia Code until after the filing of the Chapter 12 petition and the institution of this action.

It appears from the testimony that each of the parties intended to deal separately with his respective interest in the real property making up Belle Isle Farm. As examples, Mr. Gillette personally borrowed funds totalling $80,000 secured by deeds of trust on his one-half interest in the Property, there was no partnership accounting for proceeds from a $98,000 loan obtained by Mrs. Gruis and Mr. Gillette,[1] and when negotiations for a sale of the Property had been entered into, it was the prospective purchaser's testimony that the parties made clear to him that the Gruises and Mr. Gillette were to be dealt with as separate entities, completely independent of one another to the extent that the prospective purchaser was instructed by the Gruises to negotiate directly with Gillette about his half interest in the real estate.

No lease ever existed between the individual owners and the alleged partnership for the use of the Property, and the one parcel of land consisting of 74.5 acres, occupied in part as the residence of the Gruises, was entirely owned by them and they deny that Gillette had any interest in that parcel even though part of it was farmed by him.

### Conclusions of Law

■ The definition of a partnership under the Uniform Partnership Act as adopted by Virginia in § 50–1 *et seq.* of the Virginia Code, is "an association of two or more persons to carry on as co-owners a business for profit." Va.Code § 50–6. In determining whether a partnership exists, the Partnership Act explains further that "joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property or part ownership does not of itself establish a partnership," Va.Code § 50–7(2), nor does the "sharing of gross returns ... whether or not the persons sharing them have a joint or common right

---

1. It might be noted that when this loan was negotiated the documents showed that Rosemary N. Gruis and Henry G. Gillette were partners in Belle Isle Farm. Edward G. Gruis was not included as a partner.

to interest in any property from which the returns are derived." Va.Code § 50–7(3). The case law interpreting these provisions bears out the point that in order for a partnership to exist, more than common or joint ownership is necessary to establish a partnership. *See Cooper v. Spencer*, 218 Va. 541, 238 S.E.2d 805 (1977). Neither will the simple appellation of "partnership" by the alleged partners suffice to establish that a partnership exists. *Kennedy v. Mullins*, 155 Va. 166, 154 S.E. 568 (1930).

Although a written agreement to form a partnership is not required by Virginia law, there must be evidence of an oral agreement at the very least. *See Cooper v. Knox*, 197 Va. 602, 90 S.E.2d 844 (1956). Once the agreement is reached, the partnership must actually be conducted as a partnership. *Cullingworth v. Pollard*, 201 Va. 498, 111 S.E.2d 810 (1960). "Conducting the business as a partnership" translates to possessing a community of interest among all members and granting joint authority among all partners over the administration and control of the business and its property. *Id.*, 201 Va. at 505, 111 S.E.2d 810.

The only evidence which this Court has before it that a partnership exists between the Gruises and Mr. Gillette is the joint ownership of the Property as tenants in common and the splitting of proceeds and expenses between Mrs. Gruis and Mr. Gillette. Clearly there was no written partnership agreement and there likewise appears to have been no oral agreement made when the farming operations of the Gruises and Mr. Gillette were begun at Belle Isle Farm in 1980.

It is apparent to this Court that no assets involved in the business dealings of these three individuals were intended to be treated as those of the partnership. The individual interests in the land were dealt with separately, there were no jointly held partnership funds and the property used in the farming operation—both real and personal—was not acquired in the partnership name. The farming equipment was encumbered with a bank loan made only to Mrs. Gruis and Mr. Gillette and the funds re-

ceived from the loan were expended for each of their own purposes. This conduct, coupled with the failure to file partnership tax returns and the delay in filing a partnership certificate suffices to convince this Court that Belle Isle Farm cannot be viewed as a partnership under Virginia law or for the purposes of this Chapter 12 petition.

■ However, even if a partnership were found to exist in this case, the Property which the Company seeks to foreclose upon simply is not partnership property. This 450–acre parcel is held by three individuals, a husband and wife owning a one-half interest, with a third individual owning the other one-half interest. It was neither acquired as tenants in co-partnership nor titled in the partnership name. Furthermore, the Property has been treated by the parties as if their interests are independent of each other. Mr. Gillette encumbered his portion of the Property to receive a personal loan. Likewise, the Gruises, independently of Mr. Gillette, have negotiated with the Company for the sale of their interest in the land. No mutual or common decisions appear to have been made with respect to the land, and apparently this is precisely what the Gruises and Mr. Gillette intended.

Clearly, the 450–acre parcel was not purchased with partnership funds; rather, the individuals in this venture paid for their separate interests in the land and there is no evidence indicating an intent to deal with the Property as if it belonged to Belle Isle Farm partnership instead of these three individuals. In addition, there is nothing in the record of this proceeding establishing either a lease of record or an otherwise informal lease arrangement with regard to the Property. If the alleged general partners had intended the real estate to be viewed as partnership property, this could have been easily accomplished by lease or deed to Belle Isle partnership from the Gruises and Mr. Gillette.

The parties are not privileged to assert the existence of a partnership where it will best suit their purposes and at the same time ignore the fundamental and basic re-

quirements relating to the use and disposition of partnership properties. *See In re Decker,* 295 F.Supp. 501 (W.D.Va.1969), *affirmed,* 420 F.2d 378 (4th Cir.1970). Therefore, the Court finding that the debtor in this proceeding is not a partnership under Virginia law, and secondly, assuming *arguendo* that it is, the 450–acre tract of land at issue is not partnership property, it is the opinion of this Court that the debtor, Belle Isle Farm, is not entitled to the protection afforded by the automatic stay of 11 U.S.C. § 362(a) and that the relief requested by Belle Isle Company, Inc. should be granted.

An appropriate Order will issue.