UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 94-2443
(CA-94-289-A)

Federal Deposit Insurance Corporation, etc.,

Plaintiff - Appellee,

versus

Joyce K. Hish, et al,

Defendants - Appellants.

O R D E R

The Court amends its opinion filed March 1, 1996, as follows:

On page 4, footnote 1, line 5 -- "See infra at 9" is corrected to read "See infra at 7."

For the Court - By Direction

/s/ Bert M. Montague

Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Madison National Bank of Virginia, <u>Plaintiff-Appellee,</u> | |
| v. | |
| JOYCE K. HISH; JAMES E. KOONS; JOSEPH R. KOONS; ELEANOR A. KOONS; JOHN W. KOONS TESTAMENTARY TRUST, c/o Joseph R. Koons, Trustee, <u>Defendants-Appellants,</u> | No. 94-2443 |
| v. | |
| JOHN W. KOONS, JR.; JOHN W. GUINEE, JR., Chapter 11 Trustee for the Bankruptcy Estate of John W. Koons, Jr., <u>Defendants-Appellees.</u> | |

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-289-A)

Argued: September 25, 1995

Decided: March 1, 1996

Before WIDENER and LUTTIG, Circuit Judges, and BEATY,
United States District Judge for the Middle District
of North Carolina, sitting by designation.

Reversed and remanded by published opinion. Judge Luttig wrote the opinion, in which Judge Widener and Judge Beaty joined. Judge Beaty wrote a separate concurring opinion.

_____

**COUNSEL**

**ARGUED:** F. Douglas Ross, ODIN, FELDMAN & PITTLEMAN, P.C., Fairfax, Virginia, for Appellants. Robert Scott Brennen, MILES & STOCKBRIDGE, Baltimore, Maryland, for Appellees. **ON BRIEF:** Michael A. Brown, MILES & STOCKBRIDGE, Baltimore, Maryland; Eric J. Berghold, MILES & STOCKBRIDGE, Fairfax, Virginia, for Appellees.

_____

**OPINION**

LUTTIG, Circuit Judge:

Appellee FDIC, receiver for Madison National Bank of Virginia ("Madison Bank"), brought this declaratory judgment action seeking to validate a Deed of Trust executed by John W. Koons, Jr. ("JWK") in favor of Madison Bank on a 22.5% fee simple interest in certain property in Falls Church, Virginia. The property was owned by Koons Leasing Development Co. ("Koons Leasing"), a Virginia general partnership in which JWK and appellants were general partners. The United States District Court for the Eastern District of Virginia granted FDIC's motion for summary judgment on the ground that the Koons Leasing property at issue had been distributed to the general partners as tenants in common, and that JWK was therefore free to encumber his undivided fee simple interest in the property. The Koons Leasing partners other than JWK appeal, arguing that the Deed of Trust is invalid because, absent a deed, legal title to the property remained in the partnership, and thus JWK had no interest in the property that he could convey for his personal use. We agree, and therefore reverse.

I.

John W. Koons, Sr. built an empire of automobile dealerships in the Washington, D.C. metropolitan area. Upon his death, his stock in

2

the several dealership corporations was distributed to his four children. Title to the parcels of property on which the dealerships were built was held by several family partnerships in which the Koons children and the John W. Koons, Sr. Testamentary Trust were general partners. The Koons children eventually decided to go their separate ways, and redistributed their stock in the dealerships so that each had a controlling interest in a dealership. A similar exchange of the partnership interests was not possible, however, without severe tax consequences because partnership interests are explicitly excluded from the Internal Revenue Code's tax-free exchange provisions, 26 U.S.C. § 1031(a)(2)(D). Accountants for the Koons therefore devised a two-step plan by which the partnership properties would first be distributed to the partners as tenants in common, and then, after a suitable waiting period, the undivided fee simple interests would be traded in a series of section 1031 tax-free exchanges.

The partners agreed to place the partnerships in dissolution in December 1988. Various steps were thereafter taken toward consummation of the plan, including the filing of final partnership tax returns, the conversion of partnership bank accounts to accounts held by the partners as tenants in common, the filing of individual tax returns listing rental income as tenants in common, and the acquisition of business licenses identifying the property owner as a tenancy in common. The tenants on the partnership properties (the various dealership corporations) were instructed to make rental payments individually to the partners as tenants in common. Significantly, however, no deeds were ever executed or filed transferring the partnership properties to the partners as tenants in common.

In the fall of 1989, one of the partners, JWK, and his dealership, Koons Ford, began to experience financial difficulty. As a consequence, JWK borrowed nearly $5 million from his mother, brother, and sister. These notes were secured by his interests in the family partnerships, and those security interests were perfected by the filing of financing statements. JWK subsequently borrowed an additional $1.8 million from Madison Bank, securing the loan (at Madison Bank's request) by the property on which Koons Ford was located rather than by his partnership interests. The bank obtained an opinion letter from JWK's attorney representing that "[b]y virtue of the dissolution of the [Koons Leasing] Partnership by operation of law, [JWK]

3

holds legal and equitable title as tenant in common to an undivided twenty-two and one-half percent (22-1/2%) interest in the Property." A Deed of Trust on the property was executed in JWK's own name and as "General Partner, as Trustee in Dissolution" of Koons Leasing.

Following JWK's execution of this Deed of Trust, the Koons family members began to retreat from their efforts to dissolve the partnerships. Amended tax returns were filed recanting the"final" nature of the previous partnership returns, the tenants in common bank accounts were terminated, and partnership bank accounts were reopened.

JWK subsequently assigned his interests in the family partnerships to his mother, brother and sister as settlement of his loan obligations to them.**1** JWK eventually entered bankruptcy.

II.

Appellants claim that the Deed of Trust to Madison Bank is invalid because JWK sought to encumber the Falls Church property for his own use, without the consent of the remaining partners, in violation of the Virginia Uniform Partnership Act. Va. Code Ann. § 50-25(B)(1) (Michie 1950) ("A partner . . . has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners."). Appellants further argue that the Uniform Partnership Act also prevents JWK from assigning his individual interest in the partnership property. Va. Code Ann. § 50-25(B)(2) (Michie 1950) ("A partner's right in specific partnership property is not assignable except in connection with the assignment of the rights of all the partners in the same property."). Cf. In

_____

**1** The assignment states that the property so conveyed was to be free of all liens except for the Madison Bank Deed of Trust. Whether or not the Deed of Trust imposed a lien against JWK's personalty interest in the partnership itself is an issue that must be determined by the district court on remand. See infra at 7. See generally In re Decker, 295 F. Supp. 501, 510 (W.D. Va. 1969), aff'd. sub nom., Woodson v. Gilmer, 420 F.2d 378 (4th Cir.), cert. denied, 399 U.S. 928 (1970).

re Vannoy, 176 B.R. 758, 770-71 (Bankr. M.D. N.C. 1994) (applying similar provisions of North Carolina Uniform Partnership Act).

The FDIC contends, on the other hand, that the Koons Leasing partners distributed the Koons Leasing partnership property to themselves as tenants in common when they agreed to place the partnership in dissolution. Because JWK had an undivided 22.5% fee simple interest in the property when he executed the Deed of Trust in December 1989, they argue, the Deed of Trust is valid against that interest.

The district court, based upon the "overwhelming" evidence of the partners' intent to treat the property as a tenancy in common, held that the Deed of Trust validly conveyed a fee simple interest in the property belonging to JWK. In so holding, the district court erred, because no deed actually conveying the property to the partners as tenants in common was ever executed. In Virginia, like in most states, legal title to property can be conveyed only by deed or will. V A. CODE ANN. § 55-2 (Michie 1950) ("No estate of inheritance or freehold . . . in lands shall be conveyed unless by deed or will . . .."); Southwest Products Co., Inc. v. United States, 882 F.2d 113, 117 (4th Cir. 1989); Abdelhaq v. Pflug, 82 B.R. 807, 810 (Bankr. E.D. Va. 1988).[2] Because no deed was executed conveying title from the partnership to the individual partners as tenants in common, JWK did not have a tenancy in common interest in the property and the Deed of Trust purporting to encumber that interest was invalid to that extent.

Neither Klingstein v. Rockingham Nat. Bank, 182 S.E. 115, 116-17 (Va. 1935), nor Woodson v. Gilmer, 137 S.E.2d 891, 892 (Va. 1964), upon which the FDIC relies for its claim that the Deed of Trust was valid, is to the contrary. In both Klingstein and Woodson, the Virginia Supreme Court held merely that although title to property was held in the names of individual partners, it was still partnership property if such was the intention of the parties at the time of the initial trans-

---

[2] Although the Virginia Uniform Partnership Act provides a statutory exception to this rule where a partnership is dissolved and some of the partners wish to continue the business of the partnership, see VA. CODE ANN. § 50-37.1 (Michie 1950), this exception is not applicable here, because no new partnership was created.

5

action. See VA. CODE ANN. § 50-10 (Michie 1950) (providing that title to partnership property can be held in the name of the partnership itself or in the name of one or more individual partners). Such a holding has no bearing on the legal issue with which we are confronted, namely, whether property held in the name of a partnership itself can be conveyed to the partners as tenants in common without a deed.

The FDIC's related argument that termination of the Koons Leasing partnership automatically converted all remaining partnership property to property held by the partners as tenants in common is likewise unavailing, because it does not appear that the Koons Partnership was ever terminated. The Virginia Uniform Partnership Act expressly distinguishes between a partnership in dissolution and one that has been terminated. VA. CODE ANN. § 50-30 (Michie 1950) ("On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."). Actual termination of the partnership occurs only after the assets held in the partnership's name are distributed and accounts between partners are settled.[3] The Virginia Supreme Court has even held that after a lapse of more than twenty years, a partnership in dissolution was not terminated because the partnership assets had not been distributed and its affairs had not been settled. Hodge v. Kennedy, 94 S.E.2d 274, 279-80 (Va. 1956). Because the Koons Leasing partnership was still record owner of the Falls Church property and the property had not been conveyed by deed, as required by Virginia law, it is clear that the Koons Leasing partnership was only in dissolution and had yet to be terminated.

_____

[3] See VA. CODE ANN. § 50-40 (Michie 1950) (specifying rules for distribution of assets and settlement of accounts between partners after dissolution); see also In re Williamsburg Suites, Ltd., 117 B.R. 216, 217-18 (Bankr. E.D. Va. 1990) (finding that partnership had been dissolved, necessitating the appointment of a receiver to take control and distribute the partnership assets); In re 2111 Associates-Chicago, 580 F.2d 705, 708 (4th Cir. 1978) (finding that, despite resignations by all but one partner, "we have a dissolved partnership which legally and factually continues to exist as there has been no `winding up' of partnership affairs"); Woodson, 137 S.E.2d at 896 (noting that partnership was dissolved because of the bankruptcy of one of the partners, but remanding the case "with direction to appoint a special receiv[er] to take over the assets and wind up the affairs of the partnership").

6

Accordingly, the Deed of Trust purporting to convey JWK's interest in the Falls Church property to Madison Bank was without legal effect unless JWK's execution of the Deed of Trust can somehow be deemed an act of the partnership, or unless the Deed of Trust can be viewed as a lien against JWK's personalty interest in the partnership itself, such issues to be considered by the district court on remand.

REVERSED AND REMANDED

BEATY, District Judge, concurring:

I write separately only to note that upon remand the district court should consider the effect of the initial admission by partners of the Koons Leasing Development Company in John W. Koons, Jr.'s bankruptcy proceeding of the existence and perhaps priority of the Madison Bank lien against the collateral, i.e. the 22.5 percent partnership interest, which they received in exchange for their loans to John W. Koons, Jr. J.A. vol. 4, p.1206.

7