## CIRCUIT COURT OF NELSON COUNTY

Howard I. Anderson

  v.

Wilma Lea Leitch,
Lucy L. Hutchens,
and M. Clifton McClure,
trustee

Case No. (Chancery) 97-57

BY JUDGE J. MICHAEL GAMBLE

January 7, 1998

I took under advisement the motion to strike by Wilma Lea Leitch pursuant to the proceedings on December 19, 1997. On that date, the motion to strike by Lucy L. Hutchens was granted and the case was dismissed as to Ms. Hutchens. I am now writing to rule on the motion to strike by Ms. Leitch.

I partially grant and I partially deny the motion to strike by Ms. Leitch. I will address the ruling of the Court on each cause of action and briefly set forth some of the major reasons the motion to strike was granted or denied.

### Count One

The motion to strike Count One which alleges a partnership dissolution and accounting is denied. A partnership is a relationship between two or more persons formed by an express or implied agreement to join together in a

business. *Cooper v. Knox*, 197 Va. 602, 607, 90 S.E.2d 844 (1956). The test of whether or not the agreement of the parties constitutes a partnership is governed by their intention. This intent is shown "by the terms of their agreement, the conduct of the parties to each other under it, or by the circumstances generally surrounding the transaction." *Woodson v. Gilmore*, 205 Va. 487, 491-92, 137 S.E.2d 891 (1964). The evidence of the plaintiff disclosed that Mr. Anderson and Ms. Leitch worked closely with the acquisition of the various parcels of real estate. Additionally, they established a bank account under the partnership name of "ToHo" which was used to receive rental funds from the real estate and pay expenses for the renovation, maintenance, and repairs on the various parcels of real estate. Both parties had authority to sign checks on the ToHo account. Also, some lease agreements were drawn in the name of ToHo.

These factors, together with other evidence of the relationship and activities of the parties, are sufficient proof to overrule the motion to strike at this stage of the proceedings where the inferences are in favor of the plaintiff.

*Count Two*

Count Two alleges Ms. Leitch committed actual or constructive fraud. The evidence and the reasonable inferences from the evidence do not establish actual or constructive fraud. Accordingly, the motion to strike Count Two is granted.

The elements of actual fraud are (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; (6) resulting damage to the party misled. These elements must be proved by clear and convincing evidence. *Bryant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201 (1991). The plaintiff has failed to prove actual fraud for two reasons. First, plaintiff has not proven a false representation of a material fact. Next, the plaintiff has not shown that there was a reasonable reliance by Mr. Anderson.

Mr. Anderson complained that the initial transfers of title were made to him because Ms. Leitch indicated that the real estate was marital property which could be claimed by Mr. Leitch. Nonetheless, Mr. Anderson admitted that Ms. Leitch showed to him the separation agreement.

This agreement, which was admitted into evidence, indicated that Ms. Leitch's husband had given up rights to her real estate. An action based on fraud must aver a representation of present or preexisting facts and cannot be based upon mere expressions of opinion or statements as to future events. *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 245, 384 S.E.2d 752 (1989).

In the instant case, there was no misrepresentation of a present or future fact. Mr. Anderson had been shown the separation agreement which disclosed that property matters had been settled between Ms. Leitch and her husband. Additionally, any statement made by Ms. Leitch about marital property issues would have been expressions of legal opinion rather than an actual fact and about a legal event that may or may not take effect in the future, such as the ruling of a court on marital property issues. The Supreme Court of Virginia has held that a misstatement or misunderstanding of the law will not affect a contract where there is no misunderstanding of the facts. *Hicks v. Wynn*, 137 Va. 186, 196, 119 S.E. 133 (1923). While Ms. Leitch may have misunderstood or misstated the law, and while Mr. Anderson may have misunderstood the effect of the agreement, the facts were that Ms. Leitch and her husband had an agreement that settled the property issues.

Next, I find that Mr. Anderson could not reasonably rely upon any representations or misrepresentations by Ms. Leitch. Mr. Anderson was an educated man who had retired from a successful career as an engineer. At the time of his retirement his assets were very liquid and placed in safe investments. Mr. Anderson chose to enter into a business relationship with Ms. Leitch wherein he bought properties from her, bought properties on her recommendations, worked with her to maintain and renovate properties, collected rents, and disbursed payments for expenses. He complains that he was not given information about the prices that Ms. Leitch paid for these properties and about the correct status of her marital agreement with her husband. Nonetheless, all of this information was easily available to him had he asked or made a reasonable effort to discover it. Mr. Anderson had a duty to make inquiry as to the true status of the properties he was acquiring. Now, after he has entered into many transactions, he cannot complain that he was not given sufficient information. In *Costello v. Lawrence*, 182 Va. 567, 571, 29 S.E.2d 856 (1944), the Supreme Court of Virginia held in a fraud case that "if the parties have equal means of information, so that, with ordinary prudence or diligence, either may rely on his own judgment, they are presumed to have done so; or, if they have not done so, they must abide by the consequence of their own folly or carelessness." Mr. Anderson, an educated and successful man, willingly chose to enter into the multiple real estate transactions at issue in this case. Any of the information that he now complains he should have received was fully available to him at the time that he entered into these transactions. He cannot now claim that he was defrauded because he either was not given information or he failed to properly analyze the information that was given to him. Thus, his reliance is not reasonable.

Mr. Anderson also seeks recovery on the grounds of constructive fraud. The basic difference between constructive fraud and actual fraud is that to show constructive fraud, it is not necessary to show there was an actual intent to deceive, but merely a material misrepresentation. *Drewry v. Drewry*, 8 Va. App. 460, 471, 383 S.E.2d 12 (1989). Otherwise, to prove constructive fraud, there must be a misrepresentation of a material fact made for the purpose of having the other party rely upon it. For the same reasons set forth above in granting the motion to strike actual fraud, I find that there has been no misrepresentation or suppression of material facts and that any reliance by Mr. Anderson was not a reasonable reliance which would allow him to advance his constructive fraud claim.

## Count Three

The plaintiff alleges that Ms. Leitch converted certain personal property during their relationship. There was no motion to strike made on this grounds. Nonetheless, the personal property issues still must be resolved. Accordingly, this case will proceed on the issues raised by Count Three.

## Count Four

Count Four charges a business conspiracy for violation of the provisions of §§ 18.2-499 and 18.2-500 of the Code of Virginia. This Count must be stricken because the claims against Ms. Hutchens, the co-defendant, were stricken and dismissed. Section 18.2-499 requires that two or more persons combine in order to activate the provisions of these code sections. Because the action has been stricken as to Ms. Hutchens, this case cannot proceed on the grounds of business conspiracy because a conspiracy by its own nature, and pursuant to statute, must involve more than one person. The motion to strike is accordingly granted as to Count Four and Count Four is dismissed.

## Count Five

Count Five alleges a breach of fiduciary duty against Ms. Hutchens. All actions against Ms. Hutchens were stricken and dismissed.

## March 6, 1998

I am writing this letter to rule on the remaining issues of partnership, accounting, and conversion in the above case. I will address the partnership

issue first. In this regard, I find that the plaintiff has not proven that Mr. Anderson and Ms. Leitch have combined to establish a partnership to invest in real estate. My reasons are set forth below.

Section 50-6 of the Code of Virginia defines a partnership as "an association of two or more persons to carry on as co-owners of a business for profit. . . ." In *Cooper v. Knox*, 197 Va. 602, 607, 90 S.E.2d 844 (1956), the Supreme Court of Virginia held that "partnership relations are formed by a contract expressed or implied between two or more parties for joining together their money, goods, labor, or skill in a venture or business, upon an agreement to divide the gains and losses between them." See also *Cooper v. Spencer*, 218 Va. 541, 543, 238 S.E.2d 805 (1977). In the present case there is no express contract and thus the Court must determine whether or not a partnership has been created by implication. The Supreme Court of Virginia has held that the test to determine whether or not there has been a partnership created between the parties is governed largely by their intention. *Woodson, Trustee v. Gilmer*, 205 Va. 487, 491, 137 S.E.2d 891 (1964). The Supreme Court has further held that this intent "may be manifested by the terms of their agreement, the conduct of the parties to each other under it, or by the circumstances generally surrounding the transaction." *Kennedy v. Mullins*, 155 Va. 166, 174, 154 S.E. 568 (1930).

It is, accordingly, necessary for the Court to determine whether the plaintiff has proven by a preponderance of the evidence that both parties had the intent to form a partnership. There is, of course, some evidence which would support the finding of a partnership. The parties titled a bank account (formerly in the name of Mr. Anderson) in the name of "ToHo". Some money from rent proceeds was deposited in this account, and expenses for the maintenance and acquisition of real estate was paid out of this account. Also, certain lease agreements were made out in the name of ToHo although frequently Ms. Leitch signed these lease agreements as "agent" rather than partner. Mr. Anderson and Ms. Leitch both donated furniture to furnish various of the rental properties that Mr. Anderson had acquired. Further, there were invitations (PX 136), advertisements (PX 131), and an extension notice (PX 120) which would arguably support the finding of the partnership.

The evidence against the establishment of a partnership significantly outweighs the evidence of a partnership. Mr. Anderson took title to all of the properties that are alleged to be part of the partnership in his own name, with the exception of a parcel of undeveloped real estate in Nelson County. The 22.16 acres in Nelson County (PX 55) was titled in the names of Mr. Anderson and Ms. Leitch as tenants in common. Section 50-7(2) of the Code

of Virginia sets forth that jointly titled real estate does not, of itself, establish a partnership.

All of the deeds of trust and deed of trust notes, with the exception of the obligations for the Nelson County real estate, were signed solely by Mr. Anderson. Additionally, all of the loan applications were made in his own name, and he did not disclose any partnership on any of the numerous loan applications that he made. Mr. Anderson filed numerous financial statements in support of his loan applications and did not disclose any partnership on any of the financial statements that he filed.

Prior to the commencement of the trial in this case, Mr. Anderson filed a bankruptcy petition in the United States Bankruptcy Court. See Defendant's Exhibit F. While this petition does allege that for eighteen months prior to the filing Mr. Anderson purchased, renovated, and leased real estate in partnership with Wilma Lea Leitch, it does not identify any of the real estate listed as partnership real estate. In fact, the only real estate listed with any other interest other than the interest of Mr. Anderson, is the 22.16 acres in Nelson County titled in the names of both parties.

Additionally, there is no partnership certificate filed as required by Virginia law and no partnership tax returns have ever been filed. Further, Mr. Anderson presented a partnership agreement to Ms. Leitch for signature, and Ms. Leitch declined to sign any partnership agreement.

Accordingly, the factors outlined above establish that a partnership has not been formed between these parties. Thus, Count I alleging a partnership is dismissed.

Count I of the bill of complaint also requests that the Court order Ms. Leitch to make an accounting of her financial involvement in the affairs of the partnership. Because the Court has found that there is no partnership, no accounting is ordered. Accordingly, the prayer for an accounting is also dismissed.

The remaining issue involves the alleged conversion of certain personal property by Ms. Leitch. The evidence has disclosed that both parties have donated furniture and tangible personal property to furnish various parcels of real estate that have been acquired by Mr. Anderson. The evidence has disclosed that there are numerous, possibly hundreds, of items that have been placed by each party into the various homes. It appears from the evidence that the ownership of most of these items is undisputed. Had the Court declared that there was a partnership between the parties, then certainly a number of these items would have been declared a part of the partnership property. Now, however, since the Court has ruled that there is not a partnership, this property must be divided between the parties.

It is my impression that the ownership of the vast majority of this tangible property is not in dispute. Thus, the parties should go through each of the rental properties and label the property that is not in dispute. Once this is done, it will be possible to make a short list of the property in which the ownership is in dispute, or which there is a dispute over compensation due by virtue of conversion.

In order to resolve the personal property issues, I suggest two alternatives to the parties. First, the parties can try to reach an agreement on the undisputed property and then submit to the Court a list of the disputed property items. In the alternative, I will meet with parties and their attorneys, go through each of the premises where the property items in dispute are located, and rule on those items as we go through the various homes.

Accordingly, counsel will need to advise me how they wish to proceed with these tangible personal property items. Once this personal property is resolved, I will direct the preparation of the final decree in this case.

April 9, 1998

I am writing this letter to rule on the motion for sanctions filed by Lucy Hutchens in the above case. Ms. Hutchens made a motion for sanctions under § 8.01-271.1 of the Code of Virginia. I have had this motion under advisement. After consideration, the motion for sanctions is overruled. My reasons are set forth below.

The issue raised by this motion for sanctions is difficult to resolve. Except for one real estate transaction where Lucy Hutchens served as the real estate agent for Mr. Anderson, there was no evidence of a fiduciary relationship in the traditional meaning of that concept. Ms. Hutchens did show to Mr. Anderson 1132 Rosser Avenue in the City of Waynesboro and served as the real estate agent when it was sold. Mr. Anderson, however, testified that he was satisfied with this transaction and does not believe Lucy Hutchens did anything improper with respect to this transaction. All of the other allegations derive from Ms. Hutchens' relationship with Wilma Leitch, her friend. Mr. Anderson testified that Lucy Hutchens helped select the properties owned by Wilma Leitch which were "rolled over into his name." He did not, however, testify to the degree with which Ms. Hutchens helped select these properties. Further, he did not employ Ms. Hutchens to help with the selection of the properties.

Mr. Anderson also testified that Lucy Hutchens filled in a number of the contracts between him and Wilma Leitch. However, Lucy Hutchens did not receive any payment for this service. Also, she did not serve as the real estate

agent in any of these transactions. Mr. Anderson further said that Lucy Hutchens never pressured him about lending any money to Wilma Leitch. He did say that he asked Lucy Hutchens to draft the contract for the Oak Avenue property. Again, she received no payment for drafting this contract.

The allegations in the motion for judgment against Lucy Hutchens charged that Ms. Hutchens breached her fiduciary duty to Mr. Anderson and that she was involved in a conspiracy with Ms. Leitch to injure Mr. Anderson under the provisions of § 18.2-499 *et seq.* of the Code of Virginia. Even though there was only one real estate transaction where Lucy Hutchens actually served as the real estate agent (and thus had a fiduciary relationship), it is objectively possible to argue that the fiduciary relationship extended to these other transactions with Ms. Leitch because Ms. Leitch and Ms. Hutchens were such close friends and because Ms. Hutchens was involved with drafting contracts for Ms. Leitch and Mr. Anderson. Also, because Ms. Leitch and Ms. Hutchens were such good friends, it was possible to objectively argue that there was a business conspiracy in violation of § 18.2-499 *et seq.* of the Code of Virginia.

The Supreme Court of Virginia has applied a standard of "objective reasonableness" to determine whether there is compliance with § 8.01-271.1. *Tullidge v. Board of Supervisors of Augusta Co.,* 239 Va. 611, 613-14, 391 S.E.2d 288 (1990). The Supreme Court of Virginia has further held that to determine objective reasonableness it is not necessary to "decide whether the motion for judgment was *actually* warranted by existing law." Rather, it must be determined "whether, after reasonable inquiry . . . [one] could have led to a reasonable belief that the motion of judgment was warranted by existing law." *Nedrich v. Jones,* 245 Va. 465, 472, 429 S.E.2d 201 (1993).

Although it is a very close question in the instant case, I find that the relationship between Ms. Leitch, Ms. Hutchens, and Mr. Anderson could have formed a reasonable belief that the motion for judgment on the grounds of business conspiracy and breach of fiduciary duty was warranted under existing law. Further, there is no evidence that it was filed for any improper purpose, such as to harass or needlessly cause an increase in the cost of litigation.

Accordingly, I rule in favor of Mr. Anderson.