# CIRCUIT COURT OF FAIRFAX COUNTY

Wesley McCollum, Jr., et al.

v.

Allyson Askew et al.

January 10, 2001

Case No. (Law) 172340

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on December 7, 2000, for a hearing on, *inter alia*, Defendant Askew's Motion for Sanctions pursuant to Rule 4:12(c) and § 8.01-271.1. At the hearing, the Court awarded Defendant Askew sanctions but took under advisement a determination of the amount of the award. After considering the arguments made at the hearing, the briefs submitted, and Counsel for Defendant Askew's billing invoices, the Court determines that an award of $19,989.21 payable by Counsel for Plaintiffs is appropriate.

On June 11, 1998, Plaintiffs filed this medical malpractice action to recover for injuries sustained by Wesley McCollum, Jr., resulting from a procedure performed by Defendant Dr. Hodin on May 24, 1990. Plaintiffs based their claim against Defendant Dr. Askew solely on alleged partnership liability; Plaintiffs did not assert that Askew ever treated Wesley McCollum. Plaintiffs' only evidence against Askew, presented on the second day of trial, was an interrogatory answer by Hodin allegedly evidencing a partnership between the two doctors. In the April 18, 1996, interrogatory answer, Hodin stated, "for the past six years, I have been in partnership with Dr. Allyson Askew. We are a professional corporation called the Pediatric Surgical Associates of Northern Virginia." (Hodin's Answer to Pls.' First Interrogs. No. 2.)

On September 19, 2000, the second day of trial, Counsel for Defendant Askew, believing no further evidence would be forthcoming against his client,

asked the Court to hear his Motion to Strike Plaintiffs' Evidence against Askew. Upon the objection of Counsel for Plaintiffs, the Court held that the Motion would be heard after the close of all of Plaintiffs' evidence. During the balance of his case, however, Counsel for Plaintiffs failed to introduce any further evidence regarding Askew's liability. At the close of Plaintiffs' case, the Court found that Counsel for Plaintiffs had not demonstrated a prima facie case of partnership. The Court granted Defendant Askew's Motion to Strike and, on September 21, 2000, entered an Order granting Summary Judgment as to her.

During discovery, Counsel for Plaintiffs failed to reasonably inquire about Hodin and Askew's alleged partnership. For instance, Counsel for Plaintiff deposed Hodin on April 19, 1996, but asked no questions regarding the alleged partnership. Presumably relying on Hodin's April 18, 1996, interrogatory answer, on or about November 20, 1996, Plaintiff moved to add Askew to the Alexandria litigation. (Plaintiffs filed this action in the Circuit Court for the City of Alexandria, nonsuited, and subsequently re-filed in this Court on June 16, 1998.) On February 4, 1997, however, Hodin amended his interrogatory answer by stating that on May 24, 1990, he was the sole shareholder of Earl Hodin, M.D., P.C., and that Askew was an independent contractor at that time. Counsel for Plaintiffs had another opportunity to inquire as to Hodin and Askew's alleged partnership, when on June 9, 1997, Counsel for Askew deposed his client. Askew stated that she was an independent contractor at the time Hodin treated McCollum and that she had no ownership interest with Hodin until she became a shareholder in the corporation in 1992. (See Askew Dep. at 7-15.) At the deposition, Counsel for Plaintiff asked Askew a number of questions, but hardly inquired about Defendants' business relationship.

In this case, where no express partnership agreement existed between Hodin and Askew, Plaintiffs had the burden of producing evidence of an implied partnership agreement. (Plaintiffs did not claim partnership by estoppel in this case.) See *Cooper v. Spencer*, 218 Va. 541, 543-44, 238 S.E.2d 805 (1977). Va. Code § 50-7, in effect at times relevant in this case, provides several factors indicating the existence of a partnership, including joint ownership, shared gross returns, and shared profits. Counsel for Plaintiffs presented no such evidence at trial in this case, nor did he reasonably seek to obtain such information during discovery.

In responding to Askew's Requests for Admissions in the Alexandria action on July 2, 1997, Counsel for Plaintiff stated that he was unable to admit or deny numerous requests concerning the Defendants' business relationship. Additionally, in response to Askew's Requests for Admissions in the Fairfax

14

action, on July 24, 1998, Counsel for Plaintiff denied numerous requests regarding Hodin and Askew's business relationship. By signing Responses to the Requests for Admissions, Counsel for Plaintiffs certified that the responses were formed after reasonable inquiry. § 8.01-271.1. At the hearing on the Motion for Sanctions, the Court found that Counsel for Plaintiff should have, but did not, reasonably inquire into the Defendants' business relationship. Therefore, pursuant to Rule 4:12(c) and § 8.01-271.1, the Court awards sanctions against Counsel for Plaintiffs and in favor of Defendant Askew in the amount of $19,989.21. This sum consists of attorney's fees and costs from June 16, 1998, the date of filing in this Court, through entry of the final order as to Askew on September 21, 2000.