**Fannie I. TOWER, Appellant
(Plaintiff below),**

v.

**Ermon H. HORN, dba Hill Top Drug Mart,
Appellee (Defendant below).**

**No. 3306.**

Supreme Court of Wyoming.

March 22, 1965.

Robert W. Connor, Sheridan, for appellant.

G. Joseph Cardine, Casper, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

This is an appeal from a judgment on a directed verdict for defendant in an action wherein plaintiff sued to recover damages for personal injuries received in a fall alleged to have resulted from the negligence of defendant, the operator of a drugstore and lunch counter. Appellant urges that the trial court erred in taking the case from the jury.

Plaintiff testified that she entered the drugstore, seated herself at the right stool of a U-shaped lunch counter, placed an order for a take-out, had a cup of coffee, and remained some twenty-five minutes. When she started to leave, her right foot hit something slick on the floor and zoomed out from under her and her left foot caught in the partition at the end of the counter. This prevented her from catching her balance and she came down on her right side, causing the injuries. She said she had seen no substance on the floor when she came in, that she had noticed no one walk behind her, and she had seen no one spill anything. She said she did not see the partition but recalled seeing the footrest adjacent to it as she got up on the stool. Plaintiff remembered that she looked down where she put her foot when she started to get up, but testified she saw no liquid until after she had fallen. As they moved

her to the ambulance, she noticed there was some liquid on the floor.

The only other witness to the accident who testified, a man, said he had come in, hung up his coat and cap, made a dive for the middle stool to grab a quick bite and that he had not sat down when he heard a loud noise, looked up and saw the plaintiff sitting on the floor, that when he had come in he had noticed a rust-colored substance, starting about four feet from the base of the stool where plaintiff was sitting, L-shaped, some three and a half to four feet long, stopping behind her stool.

A medical orderly who assisted in removing plaintiff to the hospital, and the nurse who examined her there, said her dress was damp in the vicinity of her hips, but neither identified the moisture.

▇▇▇ No evidence was introduced to show that the board or partition at the end of the counter was dangerous, improperly constructed, or placed, and there was no testimony as to how or when the purported liquid had been placed on the floor, that defendant or his employees knew of its existence, or that plaintiff had in fact stepped on it. Appellant's counsel argues that the court must accept as true the evidence in plaintiff's favor, together with all inferences which might reasonably be found and that this would include an assumption that the liquid had been on the floor a minimum of twenty to twenty-five minutes, the time that she had been in the store prior to the accident. Even if we were warranted in such an assumption, plaintiff did not meet the requisite burden of proof. No inference of negligence can be based on mere surmise, guess, speculation, or probability.

Judgment affirmed.