PER CURIAM.
Refusing to admit into evidence in defense of a medical malpractice case an alleged admission of the plaintiff that he removed certain surgical apparatus con-. trary to his physician’s advice, was not reversible error.
First, the admission in part was merely cumulative, and second, it was immaterial as to the time of the alleged comparative negligence on the part of the patient Perrett v. Seaboard Coast Line Railroad Company, 299 So.2d 590, 592 (Fla.1974); Atlantic Coast Line Railroad Company v. Campbell, 104 Fla. 274, 139 So. 886 (1932); Short v. Allen, 254 So.2d 34 (Fla. 3d DCA 1971).
There were three possible times when the injury to the plaintiff could have occurred. When he was in the hospital and then twice after he was released. The alleged admission was to the activity of the patient while in the hospital. Yet in proof of his claim for injuries, the evidence related to alleged negligence occurring after he left the hospital. It was clear from this evidence that his condition developed after he left the hospital. The issue of comparative negligence was submitted to the jury (with neither side requesting special interrogatory verdicts) and the jury in fact, found the plaintiff to be 20% negligent. The alleged admission was immaterial evidence that could have prejudiced the jury and the trial court was correct in refusing its admission into evidence. We find no error in denial of motion for remittitur. Bould v. Touchette, 349 So.2d 1181 (Fla.1977); Lassiter v. Internal Union of Operating Engineers, Local No. 675, 349 So.2d 622 (Fla.1977); Allstate Insurance Company v. Shilling, 374 So.2d 611 (Fla. 4th DCA 1979).
Final judgment affirmed.
Affirmed.