Rita EDLER, Appellant (Plaintiff),

v.

Donna ROGERS, Appellee (Defendant).

No. 91–51.

Supreme Court of Wyoming.

Sept. 25, 1991.

Patrick E. Hacker and Bruce S. Asay, Cheyenne, for appellant.

Rodger McDaniel, Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

## OPINION

MACY, Justice.

Appellant Rita Edler appeals from a summary judgment entered in favor of Appellee Donna Rogers. Edler claimed that she loaned money to Wesley Cranmore to be used in an automobile purchasing partnership between Rogers and Cranmore and that Rogers is liable as a partner for the money Edler loaned to Cranmore.

We affirm.

The issue is simple and straightforward. Edler claims there are genuine issues of material fact regarding whether Rogers and Cranmore were partners and, therefore, under this Court's prevailing standard for the review of summary judgments, the summary judgment is erroneous.

Edler filed a complaint on October 4, 1989, alleging she loaned money to Cranmore and Rogers. According to the complaint, Edler advanced $5,000 on April 5, 1989; $5,000 on April 11, 1989; $5,000 on April 14, 1989; and $10,000 on April 18, 1989. These checks were made out to Cranmore, and he negotiated them. Each check contained a notation that it was a loan for the purchase of automobiles or farm equipment. Edler claimed Cranmore convinced her he could make money by buying and selling cars and farm equipment. Edler was to be repaid her loans and to receive one-half of the profits. Edler claimed Rogers assisted Cranmore in this enterprise. Rogers answered the complaint, but Cranmore did not. A default judgment was entered against Cranmore on April 4, 1990.

On November 6, 1990, Rogers filed a motion for summary judgment and a motion to dismiss. Her pleadings included an affidavit from Cranmore in which he attested, *inter alia,* that (1) he met Rogers in December 1988, but he never intended to go into business with Rogers nor had they ever been partners; (2) he had a personal relationship with Rogers, and she loaned money to him for living expenses and, occasionally, to buy automobiles at auction; (3) Edler did not meet Rogers until April 19, 1989; (4) all loans from Edler were made to him in Colorado, no writing existed concerning the loans, and he and Edler had no discussions as to the terms of repayment or interest on the loans; (5) he never shared any of the profits of his business with Rogers; (6) he never told Edler, or anyone else, that he and Rogers were partners nor had he and Rogers ever held themselves out to be partners; (7) Rogers never received any part of the proceeds of the loans Edler made to him; and (8) he did not fight Edler's lawsuit against him because he recognized that he owed the money Edler advanced to him, and he intended to repay it when he could.

Rogers also submitted her own affidavit, and in it she attested that (1) she never was Cranmore's business partner nor did she ever hold herself out to anyone as being his business partner; (2) she was never paid for any assistance she gave to Cranmore on the few occasions when she assisted him with his business; (3) she never received, nor was it ever intended that she would receive, any profit from Cranmore's business activities; (4) she never received any of the proceeds of the loans Edler made to Cranmore, either directly or indirectly, nor did she ever ask for or receive any money or loans from Edler; and (5) she never entered into any agreement, either orally or in writing, to repay moneys Edler loaned to Cranmore.

To counter this assertion of facts, Edler introduced her own answers to interrogatories in which she related that, from the very beginning, Cranmore represented to her that Rogers was his partner and that Rogers was actively involved in the purchase of cars and farm equipment for which Edler advanced money. She also related that, during a period of time *after* the loans had been made to Cranmore, Rogers acted in a capacity to suggest she and Cranmore were business partners. Edler attested Rogers picked up and delivered cars, made numerous telephone calls related to business, and attended automobile auctions. Throughout her answers, Edler repeatedly said she was told by Cranmore that Rogers was his partner, but beyond that she was unable to offer any evidence that Rogers was, in fact, Cranmore's part-

ner. Edler did not dispute in her affidavit and other evidence that she did not meet Rogers until after the loans had been made to Cranmore. Edler did testify the agreement she had with Cranmore was oral and no writing of any sort existed. Basically, Edler lent money to Cranmore, and he told her she would be repaid for the loans as well as receive one-half of any profits realized by the venture. Edler also introduced Rogers' deposition in which Rogers related she had a personal relationship with Cranmore, lent money to him, assisted him occasionally in his automobile business, and had been repaid by him for the loans she made to him. The repayments were in the forms of cash and art work.

In resolving the issue presented in this appeal, we must employ our well-established principles for reviewing the award of a summary judgment. *Baros v. Wells*, 780 P.2d 341 (Wyo.1989). In her brief, Edler addressed both the grant of the summary judgment and the dismissal of the complaint for failure to state a claim. The parties presented matters outside the pleadings, and they were considered by the district court. Only the part of the district court's judgment and order which granted summary judgment in favor of Rogers is effective. *See* W.R.C.P. 12(b) and *Robinson v. Bell*, 767 P.2d 177 (Wyo.1989).

Edler argues Cranmore convinced her she could make money by investing in his business, and, therefore, she loaned money to Cranmore *and Rogers*. However, the record does not support her claims. Despite Edler's assertions that Rogers was actively involved in Cranmore's business from the very beginning and that Cranmore told her Rogers was his partner, she did not dispute the fact she did not meet Rogers until after she had made the loans to Cranmore. Edler has not presented any authority for the proposition that, under the circumstances presented by this case, the evidence she presented to counter Rogers' denial of the existence of a partnership, or any other business relationship, is sufficient to create a genuine issue of material fact. The only evidence Edler could muster in counterpoint to the evidence offered by Rogers was that Cranmore told Edler that Rogers was his partner. The basic elements of a partnership or a joint venture are that the parties agree to share in some way the profits and losses of the business venture. *True v. Hi–Plains Elevator Machinery, Inc.*, 577 P.2d 991 (Wyo.1978). *See also* 12 Am.Jur. P.O.F.2d 295, *Existence of Joint Venture* (1977), and 4 Am.Jur. P.O.F.2d 355, *Status as Partners* (1975). The only facts Edler had at her disposal which could serve as evidence of the existence of a partnership or joint venture were events which occurred *after she had made the loans to Cranmore*. The things which Rogers did, and which Edler was aware of after she had loaned the money to Cranmore, cannot serve to establish the existence of a partnership at the time the loans were made. Edler could not have been relying upon those facts when she made the loans, and her decision to loan the money could not have been affected by them. *Miller v. Cooney*, 416 So.2d 1196 (Fla.App.1982); *Scott v. Bryn Mawr Arms, Inc.*, 454 Pa. 304, 312 A.2d 592 (1973); *Piggly–Wiggly Stores v. Lowenstein*, 197 Ind. 62, 147 N.E. 771 (1925); 31A C.J.S., *Evidence* § 298 (1964).

Even considering all matters which were presented to the district court in the light most favorable to Edler, we are compelled to hold that no genuine issue of material fact existed which prevented the district court from entering a summary judgment in favor of Rogers.

Affirmed.