2005 WY 65

Doug JONES and David Dunbar, Co–Personal Representatives of the Estate of Joshua Douglas Jones, Appellants (Plaintiffs),

v.

John SCHABRON, Personal Representative of the Estate of Nicholas James Schabron, Appellee (Defendant).

No. 04–103.

Supreme Court of Wyoming.

June 8, 2005.

Representing Appellants: C.M. Aron of Aron and Hennig, LLP, Laramie, Wyoming.

Representing Appellee: John A. Sundahl and Isaac N. Sutphin of Sundahl, Powers, Kapp & Martin, Cheyenne, Wyoming. Argument by Mr. Sundahl.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and KAUTZ, D.J.

KAUTZ, District Judge.

[¶ 1] Appellants, Doug Jones and David Dunbar (collectively Jones), are the personal representatives of the estate of Joshua Jones. Joshua Jones was killed in a tragic accident south of Laramie during the late night hours of September 16, 2001, when a vehicle driven by Nicholas Schabron was hit head-on by an intoxicated Clinton Haskins (Haskins). Joshua Jones, Nicholas Schabron, and six other members of the University of Wyoming track team were killed in the accident. Haskins was the only survivor. The estate of Nicholas Schabron is repre-

sented by its personal representative, John Schabron (Schabron).

[¶ 2] Jones filed a wrongful death claim against Schabron, contending that Nicholas Schabron was negligent in causing the death of Joshua Jones. The theory of his case was essentially this: There were eight persons riding in the vehicle driven by Nicholas Schabron; Nicholas Schabron should have been able to perceive that Haskins was driving in his lane of travel some 2.5 seconds before the collision, and that Nicholas Schabron's reaction time to these circumstances was excessively slow (i.e., had he taken evasive action one-half second earlier, the collision could have been avoided); that Nicholas Schabron did not apply the brakes before the accident; and that, if either vehicle had been two feet further to the left, then the accident would not have occurred.

[¶ 3] The district court granted summary judgment in favor of Schabron. Jones appeals from that order, contending that it was error for the district court to grant summary judgment where the precise facts of this case are not known. We will affirm.

## ISSUE

[¶ 4] Jones states the following issue:

Whether it is error to grant summary judgment in a head-on-collision vehicular accident where the precise facts are not known.

Schabron rephrases the issue as:

Whether speculation or possibility is sufficient to avoid summary judgment in a negligence action.

## FACTS

[¶ 5] In the early morning hours of September 16, 2001, Clinton Haskins was driving southbound from Laramie on U.S. Highway 287 in his 1995 Chevrolet 3500 crew cab dual wheel pickup. Nicholas Schabron was driving northbound in a 1990 Jeep Wagoneer on that same highway. Joshua Jones, Shane Shatto, Kyle Johnson, Cody Brown, Morgan McLeland, Justin Lambert Belanger, and Kevin Salverson rode with Nicholas Schabron. Haskins crossed over the centerline of the highway and hit Schabron's vehicle head-on, killing all eight occupants.

[¶ 6] Before the collision, Haskins rounded a left-hand curve. At an unknown point, he crossed into the northbound lane. Nicholas Schabron was just entering the curve in the northbound lane. He attempted to avoid Haskins by steering sharply to the left, leaving approximately 77 feet of yaw marks. There is no evidence that Haskins made any attempt to avoid the collision. The vehicles hit passenger front corner to passenger front corner, overlapping approximately 18 inches. At the point of collision, Haskins' vehicle was headed straight south down the northbound lane, while Nicholas Schabron's vehicle was angled to the left. The accident occurred entirely in Nicholas Schabron's lane of travel. At impact, Haskins' pickup was traveling approximately 76 miles per hour and Nicholas Schabron's Jeep was traveling approximately 62 miles per hour. The posted speed limit where the accident occurred is 65 miles per hour. Both vehicles suffered extensive damage to the front and down the right side. The heavier pickup ripped off the entire right side of the Jeep, tore off the top and rear tailgate, and ripped through the passenger seats. Joshua Jones and the other six passengers were torn from the interior of the Jeep and thrown to their final resting positions along the roadside. Nicholas Schabron was found dead in the Jeep, in his seat, with his seatbelt on. Haskins was the only survivor. Nicholas Schabron did not have any alcohol in his system. Haskins' blood alcohol content (BAC) was 0.16.

[¶ 7] On February 7, 2002, Haskins pleaded guilty to eight counts of aggravated vehicular homicide. He was sentenced to serve eight concurrent terms of 14 to 20 years. *See State v. Haskins,* Albany County Criminal Action No. 6738. Jones claimed that Nicholas Schabron was negligent because:

1. He should have acted and reacted differently to the imminent threat of a collision with Haskins.

2. He violated a heightened duty of care applicable to designated drivers.

3. He should not have had seven passengers in a vehicle designed for five passengers.

4. He did not have enough seatbelts for the number of passengers.

5. He did not require his passengers to wear seatbelts.

6. Failure to comply with W.S. § 31–5–202 which requires drivers to pass oncoming traffic on the right.

7. Failure to comply with W.S. § 31–5–301 which requires drivers to limit their speed to what is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.[1]

[¶ 8] The district court granted Schabron's Motion for Summary Judgment. It held that Schabron did not have a duty to require adult passengers to wear seatbelts. It did not address whether Schabron had a heightened duty as a designated driver or if Schabron had a duty to only carry the number of passengers the vehicle design intended because Jones did not provide any authority to support these claims. The district court determined that the remaining claims were related to duties to use ordinary care and to maintain a proper lookout. It then determined that no genuine issues of material fact existed as to whether Schabron breached those duties.

## STANDARD OF REVIEW

[¶ 9] When we review a summary judgment, we have before us the same materials as did the district court, and we follow the same standards which applied to the proceedings below. The propriety of granting a motion for summary judgment depends upon the correctness of the dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law. A genuine issue of material fact exists when a disputed fact, if proven, would have the effect of establishing or refuting an essential element of an asserted cause of action or defense. We, of course, examine the record from a vantage point most favorable to that party who opposed the motion, affording to that party the benefit of all favorable inferences that fairly may be drawn from the record. If the evidence leads to conflicting interpretations or if reasonable minds might differ, summary judgment is improper. That standard of review is refined somewhat when applied to a negligence action. Summary judgment is not favored in a negligence action and is, therefore, subject to more exacting scrutiny. *Woodard v. Cook Ford Sales, Inc.*, 927 P.2d 1168, 1169 (Wyo.1996). We have, however, affirmed summary judgment in negligence cases where the record failed to establish the existence of a genuine issue of material fact. *See Krier v. Safeway Stores 46, Inc.*, 943 P.2d 405 (Wyo.1997) (failure to establish duty); *Popejoy v. Steinle*, 820 P.2d 545 (Wyo.1991) (failure of proof of underlying claim of a joint venture); *MacKrell v. Bell H2S Safety*, 795 P.2d 776 (Wyo.1990) (failure of proof of defendant's duty); *DeWald v. State*, 719 P.2d 643 (Wyo.1986) (cause element was pure speculation); and *Fiedler v. Steger*, 713 P.2d 773 (Wyo.1986) (failure to establish cause in a medical malpractice action). *See McMackin v. Johnson County Healthcare Center*, 2003 WY 91, ¶¶ 8–9, 73 P.3d 1094, ¶¶ 8–9 (Wyo.2003).

*Abraham v. Great Western Energy, LLC*, 2004 WY 145, ¶ 12, 101 P.3d 446, ¶ 12 (Wyo. 2004).

[¶ 10] After a movant has adequately supported the motion for summary judgment, the opposing party must come forward with competent evidence admissible at trial showing there are genuine issues of material fact. Wyo.R.Civ.P. 56(e); *Hyatt v. Big Horn Sch. Dist. No. 4*, 636 P.2d 525, 528 (Wyo.1981). The opposing party must affirmatively set forth material, specific facts in opposition to a motion for summary judgment, and cannot rely only upon allegations and pleadings ..., and conclusory statements or mere opinions are in-

---

1. Jones' complaint alleged only that Nicholas Schabron was negligent in the manners listed above as 1, 3, and 4. In opposition to Schabron's motion for summary judgment, Jones argued that Nicholas Schabron was negligent in the additional manners noted above.

sufficient to satisfy the opposing party's burden.

*Downen v. Sinclair Oil Corporation,* 887 P.2d 515, 519 (Wyo.1994) (some citations omitted).

[¶ 11] The evidence opposing a prima facie case on a motion for summary judgment "must be competent and admissible, lest the rule permitting summary judgments be entirely eviscerated by plaintiffs proceeding to trial on the basis of mere conjecture or wishful speculation." *Campbell v. Studer, Inc.,* 970 P.2d 389, 392 (Wyo.1998) (quoting *Estate of Coleman v. Casper Concrete Company,* 939 P.2d 233, 236 (Wyo. 1997)). Speculation, conjecture, the suggestion of a possibility, guesses, or even probability are insufficient to establish an issue of material fact. *Connely v. McColloch,* 2004 WY 5, ¶ 37, 83 P.3d 457, ¶ 37 (Wyo.2004); *O'Brien v. Hunt,* 464 P.2d 306 (Wyo.1970); *Tower v. Horn,* 400 P.2d 146 (Wyo.1965).

### DISCUSSION

[¶ 12] The only issue argued in Jones' brief is whether they presented evidence from which a jury could conclude that Nicholas Schabron failed to maintain a proper lookout or act reasonably to avoid Haskins. Jones did not present any argument or authority on his claims that Nicholas Schabron had a heightened duty of care, that he negligently had too many passengers in his vehicle, that he did not have enough seat belts, or that he failed to require use of seatbelts. Consequently, we will not address those issues.

In countless decisions this court has warned litigants "[i]n the presentation of an appeal to our court, it is inadequate simply to allude to an issue or identify only a potential issue." *Kipp v. Brown,* 750 P.2d 1338, 1341 (Wyo.1988). Further, we have reminded litigants:

> [I]t is not the function of this court to frame appellant's argument or draw his issues for him.

This court consistently has refused to consider positions which are not supported by cogent argument or pertinent authority. We are not required to consider on appeal grounds which were neither presented to * * * nor passed upon [by the trial court].

*Hance v. Straatsma,* 721 P.2d 575, 577–78 (Wyo.1986) (citations omitted).

*Saldana v. State,* 846 P.2d 604, 622 (Wyo. 1993).

[¶ 13] The trial court properly concluded that, as a matter of law, Nicholas Schabron had a duty to use ordinary care and a duty to maintain a proper lookout when driving. These are duties always imposed upon automobile drivers. *Fegler v. Brodie,* 574 P.2d 751, 755 (Wyo.1978). Drivers must:

> ... exercise a diligence commensurate with hazards disclosed under surrounding circumstances, and the lookout which ... is ... most effective in the light of all present conditions and those reasonably to be anticipated.

*Downtown Auto Parts, Inc. v. Toner,* 2004 WY 67, ¶ 6, 91 P.3d 917, 919, ¶ 6 (Wyo.2004) (quoting *Feltner v. Bishop,* 348 P.2d 548, 549–50 (Wyo.1960)).

[¶ 14] For purposes of summary judgment, Schabron established that at the time of the crash:

1. Nicholas Schabron was driving entirely within his lane on the highway.
2. He was driving within the speed limit.
3. He had no alcohol in his system.
4. He attempted to swerve to avoid the collision.
5. Haskins was entirely in the wrong lane on the highway.
6. Haskins' blood alcohol content was 0.16.
7. Haskins was driving 11 miles per hour over the speed limit.
8. Haskins made no effort to avoid the crash.

[¶ 15] These facts, standing alone, were sufficient to establish a prima facie case that Nicholas Schabron did not fail to act reasonably or maintain a proper lookout, and that he was not negligent. Furthermore, Nicholas Schabron was presumed to have exercised due care. We recognize a presumption that in the absence of an eyewit-

ness to the accident or other evidence sufficient to dispel or rebut the presumption, the decedent, acting on the instinct of self-preservation, was exercising ordinary care. *DeJulio v. Foster*, 715 P.2d 182, 187 (Wyo.1986). The burden then shifted to Jones to present specific facts showing Nicholas Schabron was negligent. The record fails to include any such facts.

[¶ 16] To counter Schabron's motion for summary judgment, Jones presented deposition testimony from an accident reconstruction engineer, Mr. Alcorn. In that deposition, Jones' counsel asked Alcorn if he agreed that:

Mr. Schabron was basically able to perceive Mr. Haskins['] vehicle in his—"his" being Schabron's lane—about 2½ seconds before the impact; he had about one-to one-and-a half second reaction time to sort out what he was seeing[.]

[¶ 17] Alcorn responded that he did not disagree with counsel's proposition. Later, Alcorn testified that a prudent driver has a normal reaction time of 1.5 seconds. Jones argues that these facts, together with the relative positions of the vehicles when they collided, could support a jury conclusion that Schabron could have and should have avoided the crash by reacting sooner.

[¶ 18] Alcorn's testimony (or non-disagreement with counsel's testimony) that Nicholas Schabron could see Haskins in his lane 2.5 seconds before the accident is a conclusion, based upon an assumption that Haskins actually was in Nicholas Schabron's lane 2.5 seconds before the crash. Conclusions and assumptions, even if presented by an expert witness, are insufficient to oppose a motion for summary judgment. A party may not rely upon conclusions nor can they be employed in disposing of a motion for summary judgment. *Campbell*, 970 P.2d at 394.

[¶ 19] Jones did not present any evidence indicating when Haskins crossed over into the northbound lane of the highway. He

may have been in that lane for a long time, or he may have crossed over the instant before the crash. There is no evidence indicating when Nicholas Schabron could have recognized danger, and thus no evidence that he negligently failed to avoid danger.

[¶ 20] The total lack of evidence about when Haskins actually was in the northbound lane and could have been observed eliminates the arguments that Nicholas Schabron drove too fast for conditions or failed to pass oncoming traffic on the right.

[¶ 21] Commenting on the entire accident, Alcorn stated that:

There is no evidence on the ground, in the vehicle, or from any witnesses that will tell anyone how long it took Nick Schabron to respond to the presence of Haskin's (sic) vehicle driving on the wrong side of the road .... It is unknown when the Haskin's (sic) pickup moved onto the wrong side of the road, and it is sheer speculation and guess to assume that Nick Schabron had more time to react and take evasive action than he actually undertook, based upon the physical evidence.[2]

[¶ 22] A duty to take evasive action does not arise until a driver knows or should know that the oncoming traffic will or has crossed into the wrong lane. *American Family Mutual Insurance Company v. Robbins*, 945 S.W.2d 52, 55 (Mo.App. E.D.1997). A driver may presume that on-coming traffic will obey the law and drive in its own lane. *O'Malley v. Eagan*, 43 Wyo. 233, 2 P.2d 1063, 1068 (1931).

[¶ 23] Reviewing the evidence, and lack of evidence, presented on the issue of summary judgment, the trial court correctly found that Jones failed to present *facts* from which a jury could conclude that Nicholas Schabron was negligent. The trial court held:

A person, no doubt, could create many "what if" scenarios that, in hindsight, might have prevented this tragic incident. But, negligence and proximate cause are never presumed from the happening of an

---

2. Jones asserts that the trial court should have disregarded this portion of the expert's statement because Alcorn offered only conclusions and not facts. We agree that portions of this statement are conclusions. However, those conclusions are based upon facts that Alcorn observed: no eyewitnesses, no evidence on the ground.

accident, and mere conjecture cannot form the basis of liability. *Vasquez v. Wal-Mart*, 913 P.2d 441, 443 (Wyo.1996); *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 520 (Wyo.1994); *DeWald v. State*, 719 P.2d 643, 652 (Wyo.1986); *Apperson v. Kay*, 546 P.2d 995, 998 (Wyo.1976). Guesswork is not a substitute for evidence or inference, and inference cannot be based on mere possibility. *Forbes Co. v. MacNeel*, 382 P.2 [P.2d] 56, 57 (Wyo.1963); *Wright v. Conway*, 34 Wyo. 1, 242 P. 1107, 1111 (1926). General or conclusory allegations cannot establish a genuine issue of material fact. *Tidwell v. HOM, Inc.*, 896 P.2 [P.2d] 1322, 1324–25 (Wyo.1995).

[¶ 24] The record supports the trial court's conclusion. One must guess, or speculate, or surmise in order to conclude that Nicholas Schabron was negligent. The facts presented by Jones are not facts, but conclusions without any factual basis. Consequently, the district court's decision granting summary judgment to Schabron is affirmed.