2007 WY 99

**Dane JACOBSON, Appellant (Plaintiff),**

v.

**Kenneth F.B. COBBS, M.D.,
Appellee (Defendant).**

No. 06–83.

Supreme Court of Wyoming.

June 19, 2007.

Representing Appellant: William R. Fix and Jenna V. Mandraccia, William R. Fix, PC, Jackson, Wyoming. Argument by Ms. Mandraccia.

Representing Appellee: Jeffrey C. Brinkerhoff, Brown, Drew & Massey, LLP, Casper, Wyoming; Nick A. Swartzendruber, Poulson, Odell & Peterson, LLC, Denver, Colorado. Argument by Mr. Brinkerhoff.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1]   Dane Jacobson filed a medical malpractice action against Kenneth F.B. Cobbs, M.D. In the course of litigation, Dr. Cobbs filed a motion for summary judgment supported by his affidavit in which he opined that his treatment of Mr. Jacobson met the applicable standard of care.   Mr. Jacobson failed to substantively oppose the motion and, instead, filed motions to extend the time to respond.   The district court denied Mr. Jacobson's motions and granted summary judgment in favor of Dr. Cobbs.   On appeal, Mr. Jacobson contends that the district court abused its discretion in denying his motions for additional time to respond to the summary judgment.   Mr. Jacobson also contends that the affidavit filed by Dr. Cobbs was deficient and improperly relied upon by the district court as a basis for the summary judgment.   We affirm.

### ISSUES

[¶2]   Mr. Jacobson presents the following issues for review:

I.   Whether the lower court's Order Denying Motion for Enlargement of Time, Denying Rule 56(f) Motion, and Granting Summary Judgment, was proper and in accordance with established law.

II.   Whether the lower court erred in relying on the Affidavit of Kenneth F.B. Cobbs, M.D., as the basis for granting the Defendant's Motion for Summary Judgment.

### FACTS

[¶3]   On January 28, 2005, Dane Jacobson filed a complaint alleging, *inter alia,* that Dr. Cobbs negligently performed surgery on his left hand.   At the time of filing his complaint, Mr. Jacobson was not represented by counsel, although attorney William R. Fix assisted him with the drafting of the complaint. On May 5, 2005, Dr. Cobbs served discovery requests on Mr. Jacobson.   Responses to the discovery were due June 8, 2005.   Mr. Jacobson requested, and received, a three week extension to respond to the discovery from Dr. Cobbs.   Subsequently, Mr. Jacobson requested another extension and was given two additional weeks to respond.   On September 8, 2005, Dr. Cobbs sent correspondence to Mr. Jacobson requesting a response to the discovery within ten days.   Mr. Jacobson did

not respond to the request.[1]

[¶ 4] Recognizing that "no substantial or bona fide action" had taken place, on October 25, 2005, the district court entered an order requiring the parties to "show cause in writing on or before the 10th day of November, 2005, why this matter should not be dismissed." Mr. Jacobson did not respond to the district court's order. Dr. Cobbs also did not file a direct response. However, Dr. Cobbs filed a motion for summary judgment and a brief in support of the motion. Additionally, Dr. Cobbs submitted his affidavit stating, among other things, that he met the standard of care in his treatment of Mr. Jacobson.

[¶ 5] On December 7, 2005, Mr. Fix entered his appearance on behalf of Mr. Jacobson and filed a motion requesting a telephone scheduling conference. The next day, Mr. Jacobson filed the following motions: (1) Plaintiff's Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment; (2) Plaintiff's Rule 56(f) Motion to Supplement the Record; and (3) Plaintiff's Designation of Record in Opposition to Defendant's Motion for Summary Judgment. Mr. Jacobson did not file any expert affidavits countering Dr. Cobbs' affidavit.

[¶ 6] A hearing was held on January 19, 2006, to address the pending motions. The district court denied Mr. Jacobson's motions and granted summary judgment in favor of Dr. Cobbs. In finding that summary judgment was appropriate, the district court explained its decision as follows:

a. The Defendant, as a board certified orthopedic surgeon since 1997, is competent and qualified to set forth the applicable standard of care, to recite the facts pertinent to Plaintiff's treatment in this case, and to render an opinion based on his review of the relevant medical records as to whether his conduct in treating the Plaintiff departed from the standard of care in any respect;

b. Defendant has met his burden of proof for summary judgment, through his affidavit and other supporting materials, in showing that his conduct did not depart

from the applicable standard of care in treating the Plaintiff;

c. The effect of the Defendant having met his burden of proof is to establish a *prima facie* case showing the absence of negligence, thereby shifting the burden to the Plaintiff to marshal specific facts and evidence, by way of expert testimony, refuting the evidence submitted by the Defendant;

d. Despite ample opportunity since the commencement of the suit, including the time after Plaintiff's counsel's formal entry of appearance, Plaintiff has failed to submit memoranda, expert opinion or other substantive evidence to refute Defendant's affidavit.

This appeal followed.

### STANDARD OF REVIEW

[¶ 7] A motion for summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.R.C.P. 56(c). "A genuine issue of material fact exists when a disputed fact, if proven, would establish or refute an essential element of a cause of action or a defense that a party has asserted." *Linton v. E.C. Cates Agency, Inc.*, 2005 WY 63, ¶ 6, 113 P.3d 26, 28 (Wyo.2005). The propriety of a summary judgment is evaluated

by employing the same standards and by examining the same material as the district court. We examine *de novo* the record, in the light most favorable to the party opposing the motion, affording to that party the benefit of all favorable inferences that may be drawn from the record. If upon review of the record, doubt exists about the presence of issues of material fact, that doubt must be resolved against the party seeking summary judgment. We accord no deference to the district court's decisions on issues of law.

*Id.*, ¶ 7, 113 P.3d at 28 (citations omitted). "Summary judgment is not favored in a neg-

---

1. Mr. Jacobson submitted his discovery responses on January 13, 2006.

ligence action and is, therefore, subject to more exacting scrutiny. We have, however, affirmed summary judgment in negligence cases where the record failed to establish the existence of a genuine issue of material fact." *Jones v. Schabron*, 2005 WY 65, ¶ 9, 113 P.3d 34, 37 (Wyo.2005) (citations omitted).

### *DISCUSSION*

[¶ 8]   Mr. Jacobson challenges the district court's decision to grant summary judgment in favor of Dr. Cobbs. First, he claims that it was error for the district court to deny his motions for additional time to respond to the summary judgment motion. Second, he claims that the district court should not have considered the affidavit submitted by Dr. Cobbs in support of his motion for summary judgment. We begin our review with the denial of Mr. Jacobson's motions.

### I.   Motion for Enlargement of Time and W.R.C.P. 56(f) Motion

[¶ 9]   Mr. Jacobson contends that his Motion for Enlargement of Time and W.R.C.P. 56(f) Motion to Supplement the Record were improperly denied. He argues that he did not have adequate time to obtain an affidavit by a medical expert to oppose Dr. Cobbs' motion for summary judgment because his attorney entered his appearance one month prior to the hearing. Mr. Jacobson also points out that discovery was not yet complete and, as a result, contends that summary judgment was premature.

[5-7]   [¶ 10]   Rule 6(b), of the Wyoming Rules of Civil Procedure, governs extensions of time and provides that "the court ... for cause shown may at any time in its discretion ... order the period enlarged if [the] request ... is made before the expiration of the period originally prescribed." W.R.C.P. 56(f) provides an alternative way to obtain additional time to respond to a motion for summary judgment. The rule states:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

*Id.* We apply an abuse of discretion standard in reviewing the district court's decision denying Mr. Jacobson's motions for additional time. The district court

has broad discretion in granting or denying a motion for continuance, and absent a manifest abuse of discretion, the reviewing court will not disturb such ruling. To find an abuse of discretion, the refusal must be so arbitrary as to deny appellant due process, and the burden rests upon appellant to prove actual prejudice and a violation of his rights. Upon review we look at the peculiar circumstances of the case and the reasons presented to the trial judge at the time of the request.

*Abraham v. Great Western Energy, LLC,* 2004 WY 145, ¶ 16, 101 P.3d 446, 454 (Wyo. 2004) (citing *Byrd v. Mahaffey*, 2003 WY 137, ¶ 7, 78 P.3d 671, 673 (Wyo.2003)).

[¶ 11]   The district court explained its reasons for denying the request for additional time:

All of the delays and lack of bona fide action in this case—including the failure to answer or respond to discovery served by Defendant (even after multiple extensions), the failure to seek a scheduling order, the failure to serve discovery on the Defendant, the failure to respond to this Court's Order to Show Cause, and the failure [to] respond substantively to Defendant's Motion for Summary Judgment within the time prescribed under the Rules of Civil Procedure—are due to the Plaintiff's own choice not to prosecute this action.

We cannot disagree with the district court's assessment.

■   [¶ 12]   Mr. Jacobson acknowledges that he failed to conduct discovery or consult an expert at any time during the course of the litigation. Regardless, he contends that summary judgment cannot be granted, in any case, if the discovery process has not been completed. He relies on *Abraham v. Great Western Energy, LLC*, 2004 WY 145, 101 P.3d 446 (Wyo.2004), as support for his position. His reliance is misplaced.

[¶ 13] In *Abraham*, discovery was ongoing and the parties were in the process of deposing key witnesses when the district court granted summary judgment. We reversed the district court's decision explaining that "W.R.C.P. 56(c) presupposes that discovery is complete and, *ordinarily*, discovery on the issues which are the subject of the summary judgment motion *should be* allowed to be completed before a motion for summary judgment is scheduled, heard, and decided." *Abraham*, ¶ 19, 101 P.3d at 455 (emphasis added). We concluded that "[b]y scheduling the hearing on the motions for summary judgment before the deadline for discovery had passed and, thus, not allowing the Abrahams adequate time to prepare and file any other pertinent materials prior to that hearing, they were deprived of the protections to due process afforded by the applicable rules of civil procedure." *Id.*

[¶ 14] The permissive language used in *Abraham* does not lead to the conclusion that the court abused its discretion in denying Mr. Jacobson's motions in the present case. Rule 56 does not require that discovery be completed prior to entry of summary judgment. Rather, there must have been adequate time allowed for discovery to be conducted. *See, e.g., Keller v. Anderson*, Wyo., 554 P.2d 1253, 1262 (1976) (motion for enlargement of time denied because plaintiff had adequate time to prepare and file necessary papers to respond to motion for summary judgment). *See also Hatton v. Energy Elec. Co.*, 2006 WY 151, ¶ 20, 148 P.3d 8, 16 (Wyo.2006) (clarifying that "we did not rule a district court may never grant summary judgment before discovery has been completed, only that ordinarily, if doing so would unfairly prevent the opposing party from discovering contradictory evidence, it would be an abuse of discretion not to grant a request for a continuance to allow adequate time for such discovery"). Unlike the situation in *Abraham*, Mr. Jacobson was not relying on any deadlines set by a scheduling order and had over ten months in which to commence discovery. Mr. Jacobson simply failed to take any action during the pendency of this matter to commence or complete discovery. We find no abuse of discretion in the district court's denial of the Motion for Enlargement of Time.

[¶ 15] We also do not find that the district court erred by denying Mr. Jacobson's W.R.C.P. 56(f) motion. Mr. Jacobson offered no legitimate justification for his failure to obtain expert medical testimony in support of his malpractice claim. The sole basis of his request for additional time was his assertion that "[a]s discovery progresses, it is believed that defendant Kenneth F.B. Cobbs' position will be controverted by expert medical testimony and evidence." Where a party filing a Rule 56(f) motion has been dilatory, an extension of time is not required. *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir.1993). *See also United States v. Bob Stofer Oldsmobile–Cadillac, Inc.*, 766 F.2d 1147, 1153 (7th Cir.1985) ("A party who has been dilatory in discovery may not use Rule 56(f) to gain a continuance where he has made only vague assertions that further discovery would develop genuine issues of material fact."); *Abiodun v. Martin Oil Service, Inc.*, 475 F.2d 142 (7th Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 57, 38 L.Ed.2d 86 (1973); *Waldron v. Cities Service Co.*, 361 F.2d 671 (2d Cir.1966), *aff'd sub nom. First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), *reh'g denied*, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968).

[¶ 16] Although we have recognized that "certain leniency is accorded to *pro se* litigants," we have also reiterated that "the proper administration of justice requires reasonable adherence to the same rules of evidence, procedure and requirements of the court as expected of those qualified to practice law." *Stoneking v. Wheatland Rural Elec. Ass'n*, 2003 WY 81, ¶ 12, 72 P.3d 272, 276 (Wyo.2003). Under the circumstances presented, we do not find that the district court abused its discretion in denying Mr. Jacobson's requests for additional time.

## II. Affidavit of Dr. Cobbs

[¶ 17] In his second issue, Mr. Jacobson contends that the district court "erred when it relied exclusively" upon the affidavit of Dr. Cobbs. Mr. Jacobson terms the affidavit as "entirely self-serving and concluso-

ry" and contends that the district court "should not have considered it." Mr. Jacobson offers no support for his position and fails to direct our attention to any specific portion of Dr. Cobbs' affidavit that he finds problematic.

[¶ 18] W.R.C.P. 56(e) governs the submission of supporting affidavits for summary judgment purposes and provides that:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Upon our review, we find that the affidavit of Dr. Cobbs is sufficient under these standards. The affidavit is based upon Dr. Cobbs' personal knowledge. It sets forth his qualifications and background. It describes his treatment of Mr. Jacobson. The medical records upon which Dr. Cobbs relied are attached and Dr. Cobbs sets forth his opinion that his treatment did not fall below the appropriate standard of care.

[¶ 19] Mr. Jacobson also asserts that summary judgment was not proper because Dr. Cobbs "failed to provide an affidavit from an independent medical doctor who has no interest in the pending case." He contends that an affidavit of a defendant doctor in a medical malpractice action is inadequate as a matter of law to provide an opinion regarding whether the doctor failed to meet the required standard of care. Again, Mr. Jacobson offers no legal authority to support that position and we would be justified in refusing to consider that argument. *See, e.g., Odegard v. Odegard,* 2003 WY 67, ¶ 29, 69 P.3d 917, 925 (Wyo.2003).

[¶ 20] We would note, however, that a defendant doctor in a medical malpractice action may supply an affidavit expressing opinions regarding the standard of care and whether that standard was met in the instant case. For example, in *Keller,* we found affidavits submitted by the defendant doctors in support of their motions for summary judgment adequate. We stated:

In support of their motions for summary judgment, the doctors filed factual and detailed affidavits describing the participation of each affiant in the plaintiff's case, delineating the details of the medical procedure, care, treatment and ministration. Each doctor expressed his opinion that the practices undertaken met and complied with the medical-care and treatment standards for like care and service at the time and place administered. The affidavit of the hospital was likewise factual and in all ways adequate for summary judgment purposes.

*Id.,* 554 P.2d at 1256.[2] Accordingly, Dr. Cobbs' affidavit was sufficient to support his motion for summary judgment. The district court did not err by considering it for purposes of summary judgment.

[¶ 21] Because Dr. Cobbs' affidavit adequately supported his motion, the burden shifted to Mr. Jacobson to establish a genuine issue of material fact. W.R.C.P. 56(e). *See also Mize v. North Big Horn Hosp.*

---

**2.** *See also Rohe v. Shivde,* 203 Ill.App.3d 181, 148 Ill.Dec. 516, 560 N.E.2d 1113, 1121 (1990) (explaining that "where a defendant doctor submits his own affidavit in support of a summary judgment motion, and in his affidavit asserts that he was familiar with the standard of care in the geographic location and that the treatment and care rendered by him was in compliance with that standard, 'and where the plaintiff has failed to bring forth evidence to the contrary even though afforded ample time to so do, then such an affidavit is sufficient for entry of summary judgment in favor of the physician' ").

*Dist.*, 931 P.2d 229, 232 (Wyo.1997). Mr. Jacobson could no longer rely only upon the allegations in his pleadings. He was required to "affirmatively set forth material, specific facts in opposition to [the] motion for summary judgment." *Jones*, ¶ 10, 113 P.3d at 37. Mr. Jacobson failed to meet his burden.

[¶ 22] Mr. Jacobson had adequate time to obtain expert testimony or other evidence to refute Dr. Cobbs' position, but he made no such effort. "[W]here there are no material facts in dispute a summary judgment should be entered. This is the law—even in a negligence case." *Keller*, 554 P.2d at 1258. We find no error in the district court's decision to grant summary judgment.

## CONCLUSION

[¶ 23] Because Mr. Jacobson was dilatory in prosecuting his case, the district court did not abuse its discretion by denying the motion for enlargement of time and the W.R.C.P. 56(f) motion. Furthermore, as the party opposing the summary judgment motion, Mr. Jacobson was required to show that evidence was "available which would justify a trial [on the] issue" of negligence. *Harris v. Grizzle*, Wyo., 625 P.2d 747, 754 (1981). He failed to come forward with any such evidence. Therefore, summary judgment was properly granted.

[¶ 24] Affirmed.