BOOMGAARDEN, Justice.
[¶1] Appellants, David and Lisa Norris, hired Leonard Besel, d/b/a Leonard's Home Improvement, to remodel their home. Mr. Besel terminated the contract prior to completing the project and Mr. and Mrs. Norris filed suit. The Norrises named Mr. Besel's wife, Shelly Besel, as a defendant, alleging she was a partner of her husband's contracting business. Mrs. Besel denied any ownership interest and moved for summary judgment. The district court granted the motion and dismissed Mrs. Besel from the litigation with prejudice. We affirm.
ISSUES
[¶2] The Norrises state their issue on appeal as:
Whether the decision of the district court granting summary judgment in favor of Shelly Besel was correct?
*63 A. Does a material issue of fact exist based on the evidence presented as to Shelly Besel's status vis a vis the business?
B. Was Shelly Besel entitled to judgment as a matter of law?
FACTS
[¶3] Mrs. Norris posted an inquiry on the Gillette Area Classifieds Facebook page seeking potential contractors to remodel a home in Pine Haven, Wyoming. Mrs. Besel responded to the inquiry on January 13, 2016, and stated:
My husband has been in business for over 20 years and has vast experience in painting[,] drywall[,] flooring[,] roofing[,] window installation[,] and much more. His business is Leonard[']s Home Improvement[.] [H]e is insured and bonded[.]
She also provided her husband's telephone number. The Norrises contacted Mr. Besel directly, and, on March 18, 2016, the Norrises, as homeowners, and Mr. Besel, as the owner of Leonard's Home Improvement, executed a written contract setting forth the terms of the remodel project.
[¶4] Several months later, Mrs. Norris sent Facebook messages to Mrs. Besel when Mr. Besel did not return the Norrises' phone calls or respond to their text messages. Each time, Mrs. Besel indicated she would pass along the message to her husband or stated she would have him call them. Mr. Besel terminated the contract in late August.
[¶5] Mr. and Mrs. Norris filed a complaint asserting claims for breach of contract and breach of warranty. The complaint named Mr. and Mrs. Besel, d/b/a Leonard's Home Improvement, as defendants. Mrs. Besel moved to dismiss herself from the lawsuit and filed an affidavit of non-involvement. The district court denied the motion. After the parties conducted discovery, Mrs. Besel moved for summary judgment, disavowing any partnership interest in Leonard's Home Improvement.[1] The district court granted her motion following a hearing.
[¶6] Mr. Besel filed a bankruptcy petition, thus causing the district court to stay the remainder of the court proceedings. Mrs. Besel did not seek bankruptcy protection and, on the Norrises' request, the district court entered a final judgment dismissing Mrs. Besel from the litigation to allow an immediate appeal.
STANDARD OF REVIEW
[¶7] Our review of an order granting summary judgment is de novo. James v. Taco John's Int'l, Inc. , 2018 WY 96, ¶ 7, 425 P.3d 572, 576 (Wyo. 2018) (citation omitted). "Summary judgment is appropriate when there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." Id. (citation omitted); see also W.R.C.P. 56(a). "A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties." James , ¶ 8, 425 P.3d at 577 (citation omitted). "We review a summary judgment in the same light as the district court, using the same materials and following the same standards," and "examine 'the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn' therefrom." Id. ¶ 7, 425 P.3d at 576 (citations omitted).
[¶8] "The party requesting summary judgment bears the initial burden of establishing a prima facie case that no genuine issue of material fact exists, and that summary judgment should be granted as a matter of law." Id. ¶ 8, 425 P.3d at 576-77 (quoting Bogdanski v. Budzik , 2018 WY 7, ¶ 18, 408 P.3d 1156, 1160 (Wyo. 2018) ). Thereafter, the opposing party must provide "competent evidence admissible at trial showing there are genuine issues of material fact." Id. ¶ 8, 425 P.3d at 577 (quoting Jones v. Schabron , 2005 WY 65, ¶ 10, 113 P.3d 34, 37 (Wyo. 2005) ). The opposing party "must present specific facts; relying on conclusory statements or mere opinion will not satisfy *64 that burden, nor will relying solely upon allegations and pleadings." Id. (quoting Bogdanski , ¶ 18, 408 P.3d at 1161 ).
[¶9] The question of whether a partnership exists typically is one of fact, the answer of which is left to the fact finder. Murphy v. Stevens , 645 P.2d 82, 85 (Wyo. 1982) ; 59A Am. Jur. 2d Partnership § 201, (database updated Feb. 2019) ; P & M Cattle Co. v. Holler , 559 P.2d 1019, 1022 (Wyo. 1977) (citation omitted). Indeed, whether a partnership exists between spouses depends on the particular facts of each case and "[t]here is no single or conclusive test for a partnership that will suffice in every situation[.]" 41 C.J.S. Husband and Wife § 190, (database update Mar. 2019) (citations omitted). Summary judgment is appropriately granted, however, when a plaintiff is unable to provide any evidence on an essential element of partnership formation. See, e.g. , Popejoy v. Steinle , 820 P.2d 545, 552 (Wyo. 1991) (explaining that "[w]hile the question is generally left to the fact finder to determine existence of a joint venture," summary judgment is nonetheless proper if a plaintiff is unable to show any evidence of a necessary element of the cause of action); O'Donnell v. City of Casper , 696 P.2d 1278, 1281 (Wyo. 1985) ("Summary judgment is proper only when it is clear that no issue of material fact is involved and inquiry into the facts is not desirable to clarify application of law.").
DISCUSSION
[¶10] In support of her summary judgment motion, Mrs. Besel claimed that she is not a partner or co-owner of her husband's business. She alleged that no evidence existed that she and her husband agreed to form a partnership or share in the profits, and that filing a joint tax return is not sufficient to establish a partnership between spouses. She claimed the evidence instead established she only assisted her husband with certain tasks as his wife and that she did not have any control in the management of her husband's business.[2]
[¶11] In opposition to Mrs. Besel's summary judgment motion, the Norrises argued that Leonard's Home Improvement was a two-person operation wherein Mr. Besel performed the labor for the company and Mrs. Besel handled administrative matters. The Norrises presented the following facts as evidence of Mrs. Besel's partnership interest:
• Mrs. Besel created a Facebook page for Leonard's Home Improvement;
• The Facebook page belongs to Mrs. Besel and she uses her password to access it;
• Mrs. Besel posts pictures of her husband's work to the Facebook page and she is "tagged" or alerted when a customer makes an inquiry about the business;
• Mrs. Besel responds to inquiries about the business on Facebook and forwards information on customers to her husband;
• Mrs. Besel referred to the Facebook page as "ours";
• Mrs. Besel responded to Mrs. Norris' Facebook inquiry;
• Mrs. Besel provided Mrs. Norris with pictures of her husband's work and represented he had vast experience;
• After Mr. Besel started the Norrises' project, Mrs. Besel responded to inquiries from the Norrises when Mr. Besel did not return their calls or text messages;
• Mrs. Besel sometimes types up bids and invoices for the business because Mr. Besel's computer skills are minimal; and *65 • Mr. and Mrs. Besel filed joint tax returns.
[¶12] On appeal, the Norrises contend that the district court improvidently granted summary judgment because genuine issues of material fact exist as to whether Mrs. Besel is a partner or purported partner of Leonard's Home Improvement. Mrs. Besel argues that the facts the Norrises rely on are insufficient to establish a partnership or purported partnership as a matter of law.
Partnership
[¶13] The Wyoming Uniform Partnership Act provides that "the association of two (2) or more persons to carry on as co-owners of a business for profit creates a partnership, whether or not the persons intend to create a partnership."[3] Wyo. Stat. Ann. § 17-21-202(a) (LexisNexis 2017). "The basic elements of a partnership or a joint venture are that the parties agree to share in some way the profits and losses of the business venture." Redland v. Redland , 2012 WY 148, ¶ 177, 288 P.3d 1173, 1213 (Wyo. 2012) (quoting Edler v. Rogers , 817 P.2d 886, 888 (Wyo. 1991) ). The parties must intend to create a business relationship. P & M Cattle Co. , 559 P.2d at 1022 (citation omitted). "The intent that is determinative is the intent to do things that constitute a partnership." Redland , ¶ 177, 288 P.3d at 1213 (citations omitted); see also Ziegler v. Dahl , ¶ 14, 691 N.W.2d 271, 275 (N.D. 2005) (explaining that the focus is not on an individual's subjective intent to be "partners," but rather "on whether the individuals intended to jointly carry on a business for profit").
[¶14] Allegations of a partnership between husband and wife must be clearly proved. Dimick v. Hopkinson , 2018 WY 82, ¶ 33, 422 P.3d 512, 523 (Wyo. 2018) (quoting 59A Am. Jur. 2d Partnership § 201 (May 2018 update) (citing cases)); In re Roche , 582 B.R. 632, 637-38, n.23 (Bankr. W.D. Pa. 2018) ; see also In re Lampe , 331 F.3d 750, 757 (10th Cir. 2003) (citation omitted) (explaining that the usual indicia of a partnership are blurred by the marital relationship because "[t]he co-owning of property, sharing of profits, and the apparent authority for one spouse to act on behalf of the other are all common to the marital relationship even absent a business"). "On conflicting evidence, the question of whether a partnership exists is one for the trier of fact." Murphy , 645 P.2d at 85. Here, however, the material evidence is not disputed. Viewing the facts in the light most favorable to the Norrises, and drawing all reasonable inferences therefrom, for the reasons presented below there simply is no evidence that Mr. and Mrs. Besel intended to form a business partnership.
[¶15] One essential element of a partnership is an intent to share profits. Redland , ¶ 177, 288 P.3d at 1213 (explaining that a basic element of a partnership is an agreement to share the profits and losses of the business); Uniform Partnership Act § 202, cmt. subsection (a) (1997) (last amended 2013). The undisputed evidence is that Mr. Besel maintained separate bank accounts for the business and used the business income to pay his share of the household expenses. The Besels also filed joint tax returns, wherein Schedule C identifies Leonard's Home Improvement as a sole proprietorship belonging to Mr. Besel. No partnership tax return was ever filed.
[¶16] The Norrises nevertheless rely on the Besels' joint tax return as evidence that the Besels equally shared the business profits. This reliance is misplaced. The filing of a joint tax return, without more, is insufficient to establish a business relationship. See Wyo. Stat. Ann. § 17-21-202(c)(ii) ("The sharing of gross returns does not by itself establish a partnership");
*66 59A Am. Jur. 2d Partnership § 149, (database updated Feb. 2019) (explaining that there must be an agreement or a right to share in the business profits); Barton v. Barton , 996 P.2d 1, 4 (Wyo. 2000) (upholding the district court's finding that no partnership existed where the evidence failed to show "that the parties treated their rental ventures as a partnership for income tax or accounting purposes," inter alia ).
[¶17] In order to establish a business relationship, there must be some evidence of an agreement to divide profits. Spence v. Tatum , 960 F.2d 65, 68 (8th Cir. 1992) (explaining that sharing gross returns or profits as a family is not evidence of a business partnership; rather, a business partnership requires a division of profits); see also Paollela v. Paollela , 42 Conn.Supp. 184, 612 A.2d 145, 146 (1991) (finding that the restaurant business was not a partnership even though the parties filed joint tax returns because the wife filed business schedules as a sole proprietor, inter alia , and the sharing of business income was attributable to the husband-wife relationship); Cooper v. Spencer , 218 Va. 541, 238 S.E.2d 805, 806-07 (1977) (explaining that no partnership existed because, inter alia , the plaintiff failed to show parties divided profits even though they filed joint income tax returns reflecting income from all sources and used the business income for business and family living expenses); South Sioux City Star v. Edwards , 218 Neb. 487, 357 N.W.2d 178, 180 (1984) (explaining that the sharing of profits within a family is not sufficient evidence of a partnership where the wife did not have a "direct right to a certain percentage of the store's profits"). The Norrises provided no evidence of an agreement that Mr. and Mrs. Besel would divide any profits from Leonard's Home Improvement or that Mrs. Besel had a direct right to any percentage of the profits. Thus, the Norrises failed to establish any disputed issue of material fact on this basic element of partnership formation. Redland , ¶ 177, 288 P.3d at 1213 (citation omitted).
[¶18] Furthermore, a business partnership does not exist simply because the parties are married. 41 C.J.S. Husband and Wife § 190, (database updated Mar. 2019) ; Dimick , ¶ 33, 422 P.3d at 523 (quoting 59A Am. Jur. 2d Partnership § 201 (May 2018 update) ) (citing cases) (explaining that "[t]he marital relation between husband and wife does not by itself give rise to a partnership affecting their mutual rights and obligations or their relationship to third persons"). Rather, a "community of interest" must be established. 59A Am. Jur. 2d Partnership §§ 131, 140, 144, (database updated Feb. 2019) (explaining that another essential element of partnership is community of interest).
[¶19] A "community of interest" entails co-ownership of management and control of the business entity:
[The community of interest] must be sufficient to enable each member to make contracts, manage the business, and dispose of the property as to third persons. In other words, partners as co-owners of a business necessarily must have the joint power to control it as an indispensable component of co-ownership.
59A Am. Jur. 2d Partnership § 144, (database updated Feb. 2019) (citations omitted); see also Uniform Partnership Act § 202, cmt. subsection (a) (1997) (last amended 2013) (explaining that co-ownership remains a key concept and requires the partners to collectively have the power of ultimate control); Ziegler , ¶ 21, 691 N.W.2d at 277 (citing Gangl v. Gangl , 281 N.W.2d 574, 580 (N.D. 1979) ) ("Control is an indispensable component of the co-ownership analysis."). The mere fact that a wife participates in a business with her husband does not establish a partnership. 41 C.J.S. Husband and Wife § 190, (database updated Mar. 2019) ; 59A Am. Jur. 2d Partnership §§ 143, 201, (database updated Feb. 2019). The evidence must support some other indicia of partnership wherein the intent to form a partnership, including shared control, is clearly proved. 41 C.J.S. Husband and Wife § 190, (database updated Mar. 2019) ; 59A Am. Jur. 2d Partnership §§ 143, 201, (database updated Feb. 2019) ; see also Brotherton v. Kissinger , 550 S.W.2d 904, 907 (Mo. App. 1977) (setting forth the general principle that "merely 'helping out' in a business is not sufficient proof of a partnership"); Klaber v. Klaber , 133 So.2d 98, 99-100 (Fla. Dist. Ct. App. 1961) (finding no joint venture where the *67 wife actively and substantially assisted the husband in the operation of a general merchandise store); Valley Sav. Bank v. Staves , 224 Iowa 1197, 278 N.W. 346, 346-47 (1938) (no joint venture where husband attended to all details incidental to realizing incomes from wife's inherited properties, including the making of leases, fixing their terms, collecting rent, and paying taxes); Carlson v. Brabham , 199 So.3d 735, 742-43 (Miss. Ct. App. 2016), reh'g denied (June 21, 2016), cert. denied , 203 So.3d 597 (Miss. 2016) (wife who did all the bookkeeping and finances for husband's business, and hired her friend as an employee, was not a coventurer); In re Lampe , 331 F.3d at 757 (finding that the trustee failed to meet its burden of proving a partnership where there was no evidence of an indicia of a partnership beyond those incident to the marital relationship).
[¶20] Mrs. Besel does not dispute that she participated in her husband's business by advertising Leonard's Home Improvement on Facebook, providing her husband's contact information on inquiries from potential customers, passing along messages from customers to her husband, and typing documents for the business, such as invoices or bids, as needed and directed by her husband. However, none of these tasks evidence the type of co-ownership or control of the business that is essential to partnership formation. 59A Am. Jur. 2d Partnership §§ 131, 140, 144, (database updated Feb. 2019) (citations omitted). Nothing in the record suggests that Mrs. Besel had any power to make contracts, manage the business, or dispose of business property as to third persons. 59A Am. Jur. 2d Partnership § 144, (database updated Feb. 2019) (citations omitted). Because the Norrises presented no evidence to suggest that Mrs. Besel had joint power to control Leonard's Home Improvement, no disputed issue of fact exists as to the community of interest necessary for partnership formation.
Purported Partnership
[¶21] Even in the absence of intent and community of interest, Wyoming law provides that
[i]f a person, by words or conduct, purports to be a partner or consents to being represented by another as a partner, in a partnership or with one (1) or more persons not partners, the purported partner is liable to a person to whom the representation is made:
(i) If that person, relying on the representation, enters into a transaction with the actual or purported partnership; and
(ii) If the purported partner would have been personally liable for obligations of the partnership under W.S. 17-21-306 if he actually had been a partner.
Wyo. Stat. Ann. § 17-21-308(a) (LexisNexis 2017). The Norrises contend that Mrs. Besel purported to be a business partner of Leonard's Home Improvement by way of her Facebook communications with them. They further assert that they only hired Mr. Besel because of Mrs. Besel's representations about her husband's work.
[¶22] The evidence of record belies the Norrises' assertion that Mrs. Besel purported to be Mr. Besel's business partner. In response to Mrs. Norris' initial inquiry on Facebook, Mrs. Besel explained that her husband had over 20 years of experience in contracting work, that his business is Leonard's Home Improvement, and that he is insured and bonded. Thereafter, the Norrises contacted Mr. Besel directly and negotiated the terms of their written contract, which Mr. Besel signed as the owner of Leonard's Home Improvement. Mrs. Besel's name does not appear anywhere on the contract. The Norrises failed to provide any evidence that Mrs. Besel, by her words or conduct, made any representations to the contrary. Under these circumstances, the Norrises, as a matter of law, could not have reasonably relied on any purported partnership between Mrs. Besel and her husband's business. See, e.g. , In re Cay Clubs , 130 Nev. 920, 340 P.3d 563, 571-72 (2014) (extending equitable estoppel principles to require reasonable reliance to impose liability for a purported partnership); Lavoie v. Safecare Health Serv., Inc. , 840 P.2d 239, 251 (Wyo. 1992) (finding appellant's reliance on representations from a bank board member about a loan was unreasonable as a matter of law).
*68 CONCLUSION
[¶23] Wholly lacking in this case is any competent evidence to establish a genuine issue of material fact whether the Besels agreed to share in the profits of Leonard's Home Improvement or in the management or control of the business-both of which are essential to establish partnership formation. There also is no genuine issue of material fact whether Mrs. Besel held herself out to the Norrises as a purported partner of her husband's contracting business. The record on summary judgment supports the district court's ruling dismissing Mrs. Besel from the litigation.
[¶24] Affirmed.

Mr. and Mrs. Norris also moved for summary judgment, but the district court denied their motion.

Mrs. Besel supported her summary judgment motion with an affidavit of non-involvement, stating in part:
I do not keep books and records, I do not set appointments, I do not keep track of paperwork, I do not go to job sites, I do not make any purchases, I do not supervise any employees or subcontractors, and I do not schedule appointments for Leonard's Home Improvement.
Mrs. Besel also relied on deposition testimony evidencing, among other things, that she is not on the business bank account or on any other account in relation to the business; that she and Mr. Besel maintain separate bank accounts; and that the only business phone for Leonard's Home Improvement is Mr. Besel's cell phone.

The comments to the Uniform Partnership Act explain that the phrase "whether or not the persons intend to form a partnership,"
merely codifies the universal judicial construction of UPA (1914) § 6(1) that a partnership is created by the association of persons whose intent is to carry on as co-owners a business for profit, regardless of their subjective intention to be 'partners.' Indeed, they may inadvertently create a partnership despite their expressed subjective intention not to do so. The language of Section 202 alerts readers to this possibility.
Uniform Partnership Act § 202, cmt. (1997) (last amended 2013).